By the Court.
 

 That portion of the section of the by-laws making the decision of the board of trustees final on questions of dependency has no bearing upon this case, since under the by-laws the feature of dependency may affect the dependency of others, but does not affect this widow. Under the stipulation the relator was still the member’s wife at the time of his death, and became thereafter
 
 *530
 
 his widow, within the purview of the by-laws. While it is true that she had filed an action for divorce against her husband, it indisputably appears that no decree was ever entered on the journal, nor upon any other record of the court. The only journal entry made was one dropping the cause from the docket.
 

 According to its opinion, the Court of Appeals had no difficulty in determining that the relator was not divorced. However, it held that mandamus could not be employed to control the discretion of the trustees of the police relief fund, especially where they had “interpreted their rule not to include as a widow one who was separated from her husband, and had submitted her divorce case against him to a court.” In this state we have special statutory provisions providing for the establishment of the police relief fund, for the method of electing its trustees, and for the maintenance of the fund by taxation, and by fines and penalties imposed upon members of the department. It is not a voluntary association, but is one controlled by statutory enactment.
 

 Section 4628, Gr'eneral Code, provides that the “trustees shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid.”
 

 Acting within the statutory authorization, rules and by-laws were adopted “governing the Police Relief Fund of the city of Akron.” Section 30 of those by-laws required that the board of trustees, within 30 days after a member’s death, should pay stipulated monthly sums to his widow while she
 
 *531
 
 remained unmarried. Under this by-law the board was required to pay a definite -stipulated sum named therein.
 

 Under the conceded facts the relator was just as much the member’s wife and widow as if she had never brought the suit for divorce. No interpretation of the by-law was necessary, and, when the board sought to interpret it in such a way as to constitute one who had merely applied for a divorce not to be his widow, its action was an arbitrary one and was not an exercise of discretion. Were we to recognize the conduct of the board in this regard it would permit the board of trustees to render the plain terms of its by-law entirely nugatory. When the member died, leaving the relator incontrovertibly hisi widow, under the statute and the by-law thereunder adopted, it became the ministerial duty of the respondents to allow and pay the monthly sum stipulated in the by-law for the benefit of the widow beneficiary.
 

 Under the facts presented the writ of mandamus may be employed to compel such action. The judgment of the 'Court of Appeals is reversed, and, proceeding to render the judgment which that court-should have rendered upon the conceded facts, judgment is here rendered in favor of the relator, and the cause is remanded to the Court of Appeals for execution.
 

 Judgment reversed, and judgment for plaintiff in error.
 

 Marshall, C. J., Robinson, Jones, Allen, and Conn, JJ., concur.