Robinson, J.
 

 This is an original action in this court. The relator, Walter J. Dieckroegger, alleges in his petition that he was a member of the police department of the city of Cincinnati from January 25, 1913, to November 11, 1929; that on the latter date he was discharged from the police department upon charges other than dishonesty, cowardice, or conviction of a felony; that subsequent thereto he filed an application with the defendant board of trustees of the police relief fund for the payment to him of a pension for his service of nearly seventeen years, under Rule 45; that on December 28, 1929, his application was rejected and disapproved by such board.
 

 He alleges that Rule 45, then in force, reads: “Any member of the Police Department who has served fifteen consecutive years, who is discharged for any offense other than dishonesty, cowardice or being convicted of a felony, shall, upon the approval of the Board of Trustees of the Police Relief Fund, be paid a pension from said fund equal in amount to $2.00 per month for each year of the consecutive service, provided the pension under this rule shall in no case be more than $50.00 per month.”
 

 He alleges that there are sufficient funds in the police relief fund for the payment of his pension. He prays for a writ commanding the board of trustees of the police relief fund to allow his application as of the date of such application.
 

 A general demurrer to the petition was filed by the defendants.
 

 
 *361
 
 The police relief fund was established under the authority of Sections 4616 to 4631, inclusive, General Code. The pertinent portions of those sections are:
 

 “Sec. 4616. In any municipal corporation, having a police department supported in whole or in part at public expense, the council by ordinance may declare the necessity for the establishment and maintenance of a police relief fund.”
 

 “Sec. 4621. In each municipality availing itself of these provisions to maintain the police relief fund the council thereof each year in the manner provided by law for other municipal levies, and in addition to all other levies authorized by law shall levy a tax of not to exceed three-tenths of a mill on each dollar upon all the real and personal property as listed for taxation in the municipality but sufficient in amount within the three-tenths of a mill to provide funds for the payment of all pensions granted to policemen under existing laws.”
 

 “Sec. 4623. All fines imposed upon members of the police department of the municipality by way of discipline or punishment by the authority having charge or control thereof, and all rewards, fees, or proceeds of gifts and emoluments allowed by the authority in charge or control of the department, paid and given for or on account of any extraordinary service of any member of the force, and moneys arising from the sale of unclaimed property or. money, after deducting all expenses incident thereto, shall be credited to the police relief fund.”
 

 “Sec. 4625. The trustees of the fund may also receive such uniform amounts from each person designated by the rules of the police department, a mem
 
 *362
 
 ber thereof, as he voluntarily agrees to, to be deducted from his monthly pay, and the amount so received shall be used as a fund to increase the pension which may be granted to such person or his beneficiaries, or in the discretion of such trustees money derived from such monthly deductions shall be used to relieve members of the force who contribute thereto when sick or disabled from the performance of duty, for funeral expenses, relief of their families in case of death or for pensions when honorably retired from the force.”
 

 “Sec. 4626. The treasurer of the municipality shall be the custodian of the police relief fund, and shall pay it out upon the proper order of the trustees thereof.”
 

 “Sec. 4628. Such trustees shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof, with power also to give credit for prior continuous actual service in the fire department or in any other department of the city rendering service in fire prevention, but, no rules or regulations shall be in force until approved by a majority of the board of trustees.”
 

 The question here made is whether the provision of Rule 45, “upon the approval of the Board of Trustees of the Police Relief Fund,” confers upon that board a discretion to approve or disapprove an application of a discharged police officer for a pension, when such police officer has served fifteen consecutive years and has been discharged “for any offense other than dishonesty, cowardice or being convicted of a felony;” and the further question is
 
 *363
 
 made, if Rule 45 requires such construction, whether the board of trustees of the police relief fund are authorized, under the provisions of Sections 4616 to 4631, inclusive, General Code, to clothe themselves with such discretion.
 

 It will be observed that by Section 4616 it is optional with a municipal corporation to avail itself of the provisions of the several sections to establish and maintain a police relief fund, and that by Section 4621, where the municipality elects to avail itself of such provisions, it is made mandatory upon the municipality to levy a tax, not exceeding three-tenths of a mill, upon all the property listed for taxation in the municipality, sufficient in amount to provide funds for the payment of all pensions granted to policemen under existing laws'.
 

 By Section 4623 it is mandatory that all fines imposed upon members of the police department by way of discipline or punishment, and all rewards, fees or proceeds of gifts and emoluments allowed by the authority in charge or control of the department, paid and given for or on account of any extraordinary service of any member of the force, and all net moneys arising from the sale of unclaimed property, or money, be credited to the police relief fund; and while by Section 4624 there is a provision authorizing the acceptance of gifts, and by Section 4625 there is an option to the various members of the police force to increase by voluntary contributions the relief which may be granted to them, yet the fund is substantially maintained by mandatory taxation upon all the property listed in the municipality and by mandatory transfer of funds arising in the manner detailed in Section 4623. That fact would seem
 
 *364
 
 to be an important factor in interpreting the language of Rule 45, and a controlling factor in determining whether it was the purpose of the Legislature to empower the board of trustees of the police relief fund with a discretion to grant or withhold pensions.
 

 When the Legislature by Section 4628 made it the mandatory duty of the board of trustees of the police relief fund to make rules and regulations for the distribution of the fund, including the qualifications of those to whom any pension shall be paid and the amount thereof, the Legislature vested in the board of trustees of the police relief fund discretion only to prescribe the rule by which qualifications for pension will be determined and the rule by which the amount of such pension will be computed. Manifestly, the requirement that qualification be determined by rule excludes any implication that the Legislature intended that the board of trustees of the police relief fund should determine qualification in any other manner; and the same is true of the requirement that the amount be determined by rule.
 

 It will be presumed that the board of trustees of the police relief fund, in the drafting and adopting of Rule 45, Were endeavoring to comply with the mandate of the Legislature, and so when they provided that any member of the police department who had served fifteen consecutive years and had been discharged for any offense other than dishonesty, cowardice, or being convicted of a felony should receive a pension equal to $2 per month for each year of consecutive service, they were endeavoring to make certain the qualifications which an applicant for a pension would be required to measure up to
 
 *365
 
 before he would be entitled to a pension, and to make equally certain that when he measured up to such requirement he would be legally entitled to receive such pension, and were also endeavoring to make certain the amount he would so receive; and it will be further presumed that when they inserted the phrase, “upon the approval of the board of trustees of the police fund,” they were providing against imposition by requiring that such board, before granting the pension, should determine as a matter of fact whether the applicant had served fifteen consecutive years and whether as a matter of fact he had been discharged for dishonesty, cowardice, or conviction of a felony, and that that provision was adopted for that sole purpose. Manifestly, if the phrase were there inserted for the purpose of investing such board with an absolute discretion, it was unnecessary to have made any provision for length of service or character of discharge. On the other hand, if we were obliged to hold that it was the intention of the board of trustees by Rule 45 to invest itself with an absolute discretion, then it would be our duty to hold that in doing so it exceeded the power conferred upon it by Section 4628, and that its action in that respect was void.
 

 In the case of
 
 State, ex rel. Little,
 
 v.
 
 Carter,
 
 111 Ohio St., 526, at page 530, 146 N. E., 56, 57, this court held that a police association such as this, established and maintained under these same sections of the Code, “is not a voluntary association, but is one controlled by statutory enactment,” and denied the power of the board of trustees of the police relief fund to interpret its rule so as not to include a person who was technically included by its
 
 *366
 
 rule, but whose claim was in fact inequitable; that it became the ministerial duty of the board of trustees of the police relief fund to allow and pay the monthly sum stipulated in the by-law for the benefit of the beneficiary, notwithstanding its rule provided “the decision of such board of trustees shall be final on all questions of dependency arising under those sections.” (Referring to “sections” adopted by that association.)
 

 This court, in the case of
 
 Holmes
 
 v.
 
 State, ex rel. Delaney,
 
 93 Ohio St., 480, 113 N. E., 1070, specifically adopted the opinion of the Court of Appeals, reported in 5 Ohio App., 1. While that case, as reported in that report, carries a syllabus, this court by its journal entry adopted the opinion instead of the syllabus, and that opinion, in so far as it relates to questions involved and necessary to the decision there rendered, has the force, effect, and authority of a
 
 per curiam
 
 opinion of this court. In that case, Holmes, after being granted a pension, had removed from the state, and the board of trustees of the police relief fund had attempted to revoke his pension for that reason. The court held:
 

 “While the police commissioners and the mayor might have made such a rule, and perhaps the trustees of the fund might also have promulgated such a rule, as a matter of fact no such rule was ever adopted by anybody having any connection with the police department or the fund. * # * No authority is lodged, by statute or the rules of the trustees, in the board of trustees of the fund to deprive a pensioner of his pension, or to suspend or revoke the same.”
 

 The judgment of this court in the case of
 
 Shinnick
 
 
 *367
 
 v.
 
 State, ex rel. Bowers,
 
 101 Ohio St., 246, 128 N. E., 91, by analogy is pertinent to the question here involved. That case related to the allowance and payment to a teacher of a pension from the teachers’ pension fund. This court held that such allowance and payment were “not within the discretion of the board of education or the board of trustees of such fund.”
 

 Were this question here for initial consideration, we wpuld reach the conclusion that the power conferred upon the board of trustees of the police relief fund by Section 4628, General Code, includes a power to exercise a discretion to specify, by rule duly adopted, the qualification of those to whom a pension shall be paid and the amount thereof, but does not include a discretion to deny qualification where such rule has been complied with. Substantially the same question having been determined in the cases of
 
 State, ex rel. Little,
 
 v.
 
 Carter, Holmes
 
 v.
 
 State, ex rel. Delaney,
 
 and
 
 Shinnick
 
 v.
 
 State, ex rel. Bowers, supra,
 
 we approve and follow those cases.
 

 The petition states a cause of action, and the demurrer will be overruled.
 

 Demurrer overruled.
 

 Kinkade, Matthias, Day and At.t.en, JJ., concur.