By the Court.
 

 This action is in mandamus. The
 
 *356
 
 petition was filed in this court on February 7, 1930. It alleges that the relator was honorably discharged from the police department of the city of Cincinnati in December, 1922, and that thereupon the board of trustees of the police relief fund, upon his application, determined that he had been permanently disabled by reason of injuries received by him while in the performance of his official duty, and approved his application for a pension of $50 per month out of the police relief fund; that subsequently thereto, by a rule duly adopted, his monthly pension was increased to $75 per month; that he has received such pension ever since; that on February 4, 1930, the board of trustees of the police relief fund of the city of Cincinnati, pursuant to an order of the city manager and the chief of police of that city, suspended and removed him from the pension list, effective February 10, 1930.
 

 He alleges certain other facts pertaining to his military service, in the World War, and recites a rule of the board of trustees of the police relief fund, duly adopted, under which he claims he is entitled to an additional pension of $50 per month for injuries received in such service; but he does not allege that he has ever made application to the board of trustees of the police relief fund for the allowance of such additional pension, nor that such board has ever passed upon his right to receive such pension.
 

 He alleges that the city manager and the chief of police have ordered him to return to duty as a police officer; alleges that he is not physically fit to perform such police service and that the city manager and the chief of police are without power to enforce such order.
 

 
 *357
 
 He attaches a copy of the rules adopted by the board of trustees of the police relief fund and in force when his pension was allowed, and makes such other allegations as are necessary to raise the question whether the board of trustees of the policy relief fund have the power to revoke a pension under a rule adopted subsequent to the allowance of the pension.
 

 He prays for a writ of mandamus, compelling the members of the board of trustees of the police relief fund to restore him to the pension list, compelling them to continue his monthly pension of $75 per month after the date of February 10, 1930, and to allow him an additional pension of $50 per month for disability sustained while in the army of the United States during the World War, and compelling the city manager and the chief of police to cancel their order requiring him to return to duty.
 

 A general demurrer was filed to this petition by the respondents.
 

 At the time of the filing of the petition, an alternative writ of mandamus was allowed by this court to issue against all of the respondents as prayed for in the petition, and a temporary restraining order was allowed against the city manager and the chief of police, restraining them from ordering relator to return to service in the police department.
 

 The relief sought against the board of trustees of the police relief fund with reference to the pension granted relator for disability received in the performance of his duty as a policeman was to prevent such board from suspending and revoking his pension. While he alleges that such board had on the 4th day of February, 1930, removed him from the
 
 *358
 
 pension list, such removal had not yet become effective; therefore the relief sought was injunctive in character and such as could have been afforded by a court of general jurisdiction.
 

 The relief against the order of the city manager and the chief of police, requiring him to return to service as a police officer, was likewise injunctive in character, and likewise could have been afforded by a court of general jurisdiction.
 

 The writ of mandamus is an extraordinary writ, and will not be issued as a substitute for an existing, adequate, and available remedy in equity or in law, but only where such remedy, in equity or in law, does not exist, is not adequate, or is not available.
 

 With reference to the $50 pension which he claims to be entitled to under a rule of the board of trustees of the police relief fund, by reason of his service and injury in the army of the United States, he fails to allege that he ever applied to the board of trustees of the police relief fund for such pension, or that such board ever allowed or disallowed such application, and for that reason does not state a failure upon the part of the board of trustees of the police relief fund to perform a duty imposed upon it by law.
 

 The demurrer to the petition is sustained.
 

 Demurrer sustained.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.