## STATE ex MEYERS v JONES, et, etc.

Ohio Appeals, 9th Dist, Lorain Co
No 545.   Decided Dec. 22, 1930

R. H. Rice, Elyria, Leonard Smith, and D. A. Baird, Elyria, for State, ex.

Fauver & Fauver, Elyria, for Jones, Stevens & Stolzenburg.

WASHBURN, J.

The case therefore turns upon the ques-

tion of whether said trustees made and adopted rules and regulations for the distribution of said fund at said meeting of July 25, 1930.

The statutes providing for the creation, management and distribution of said fund were amended as of July 11, 1929, and thereafter the present board of trustees came into existence under the law which provides that "such trustees shall make all rules and regulations for the distribution of" said fund and and that "no rules or regulations shall be in force until approved by a majority of the board of trustees." (4628 GC.)

Under the law, the board of trustees consists of six members; two members of the council, chosen by the council; one citizen not connected with the council or police department, chosen by said two members of the council; two members of the police department, chosen by the police departmen; and one citizen not connected with the police department or the council, chosen by the two members of the board from the police department—six members in all.

Then there is added the provision that "In the event of a tie vote on any matter whatsoever, the six members so chosen shall choose a seventh member, whose vote shall decide the question." (4616 GC.)

The evidence in this case discloses that the six members so chosen met on Nov. 19, 1929, and elected a president and secretary and that "in the discussion of new rules and regulations for the police pension fund, the secretary was ordered to write to several cities for a copy of their rules and regulations, to be used as reference by the board in adopting their rules."

The evidence further shows that later, such copies from other cities were obtained and that a member of the board prepared a proposed set of rules and regulations, which was the subject of discussion at subsequent meetings of the board, the minutes of the meeting of the board on Dec. 19, 1929, showing that "a general discussion of rules and regulations were entered into by all members of the board, and very good progress in the adoption of rules were made."

Then, in the minutes of the board of Jan. 18, 1930, is the following: "A general discussion of the rules and regulations relative to the police pension fund was entered into by the members, and the board adjourned at 10 p. m."

The next meeting of the board occurred on July 25, 1930, at which, according to the minutes, the following occurred:

"A general discussion of the rules and regulations and by-laws for the police relief fund was entered into by all the members.

"Motion by Southam and seconded by Stankard that we accept Rule No. 15 (of the proposed rules and by-laws) as read. Motion lost, Nays, Jones, Nye and Stevens; Ayes, Perry, Southam, Stankard.

"Member Perry proposed a 40% of wage and additional 2% for police officers after 20 years service, a general discussion was had, when member Southam offered a motion to adjourn until Monday evening, July 28th, 1930, at 7:30 p. m., seconded by Stankard. Motion carried, and the board adjourned at 10:50 p. m."

The adjourned meeting was held on July 28, 1930, with the following result, as recorded in the minutes:

"Motion by Perry and seconded by Stankard that term of service and rate of pension as per rule 15 in proposed rules and regulations for the police relief fund should be as follow: After 20 years service for present members, the rate of pension to be 40 per cent of salary of the member and an additional 2 percent per year for five years.

"Motion by Stevens and seconded by Nye, that the above motion be amended to read as follow, that after 20 years service for present members, the rate of pension to be based on 37½ per cent of salary of members, with an additional 1¼ per cent per year for ten years.

"Vote on amendment, Ayes, Nye, Stevens; Nays, Jones, Perry, Southam and Stankard, Motion to amend lost.

"Vote on Motion, Ayes, Perry, Southam and Stankard; Nays, Jones, Nye and Stevens. Tie vote and motion lost.

"Motion by Southam and seconded by Stankard that term of service and rate of pension for the proposed rules and regulations for the Elyria police relief fund as should be as follows: After 20 years service, for present members of the department the rate of pension to be paid retired members to be 40 percent of the salary of the member,

with an additional 1¼ (one and one-fourth percent) per year for ten years.

"Vote, Ayes, Nye, Perry, Southam and Stankard; Nays, Jones and Stevens. Motion carried."

It is the claim of the relator that by the vote last above recorded, a rule or regulation was adopted under which he is entitled to the pension which he seeks.

At the next meeting of the board, on Aug. 18, 1930, the foregoing minutes were read and approved, and at the following meeting, on Sept. 5, 1930, the minutes show that "a general discussion on the rules and regulations of the police pension fund was entered into by all members."

At the meeting of Oct. 1, 1930, it is recorded in the minutes that a communication was received from the relator in which he stated that he had resigned as captain of police and made application for a pension, and that on the motion to grant the application there was a tie vote.

At the meeting held on Oct. 15, 1930, the minutes show the following:

"Motion by Stevens and seconded by Stolzenberg that the board adopt the proposed rules and regulations presented to this board by the chairman at last meeting.
"Ayes: Jones, Stolzenberg and Stevens.
"Nays: Southam, Perry and Stankard.
"Motion lost."

At the meeting of Oct. 22, 1930, a motion to grant the application of relator for a pension was declared lost, the vote thereon being a tie, and by a like tie vote a motion was rejected to "proceed to select a seventh member to determine whether Capt. Fred C. Meyers should be placed on the pension roll and receive a pension under our rule governing same."

The law by virtue of which said board came into existence "made it the mandatory duty of the board of trustees of the police relief fund to make rules and regulations for the distribution of the fund, including the qualifications of those to whom any pension shall be paid and the amount thereof." (State, ex rel., v. Conners, 122 Oh St 359.)

The trustees are not vested with discretion to grant or withhold pensions, but they do have power to exercise a discretion in specifying, by rules and regulations duly adopted, the qualifications of those to whom a pension shall be granted and the amount thereof, and the object in requiring the adoption of rules and regulations is to conserve the fund and secure distribution according to fixed standards applicable to each class of beneficiaries.

From a reading of the proceedings of the board in this case, it is apparent that the trustees understood and appreciated what the law required of them, the reason therefor and the object to be accomplished. They had before them a proposed set of rules, one of which was No. 15; the first motion was to accept that rule as read, which motion was lost; the next motion was that the term of service and rate of pension "as per rule 15 in proposed rules" should be as specified in the motion; then there was a motion to amend that motion, and after both motions were lost it was moved that the term of service and rate of pension "for the proposed rules and regulations" should be as specified in the motion, and that motion was carried by a vote of four to two.

It seems quite clear to us that the trustees had in mind in all their discussions a complete set of rules and regulations which they proposed to adopt after agreeing upon the wording of all those as to which there was any difference of opinion, and that in voting upon the wording of a part of what was designated as rule No. 15 "of the proposed rules and by-laws" they were not considering the adopting of a rule separate and apart from the complete set of rules under discussion, but were endeavoring to agree upon a controversial part of a rule which should be included in a proposed complete set of rules, which were to be thereafter adopted or rejected as a whole.

This is the more apparent when we consider the limited character of the motion which was carried; all that is referred to in the motion is the term of service and rate of pension and nothing is said concerning eligibility; for aught that appears, one while still in the service is entitled to the pension, or one who has been discharged for dishonorable conduct; and there is no provision as to age or physical condition; in other words, there is nothing in the motion by which to determine who is entitled to a pension, and that is the only rule or part of a rule which it is claimed has been adopted; furthermore, there is no provision as to the time during which the pension shall be payable nor how payable.

No doubt in a complete set of rules, such as the trustees contemplated adopting, all

these matters would be covered in such a way as to enable a court to determine who is entitled to a pension, and when and how and for what length of time the same is payable, but that is not possible from a consideration of only the motion which was carried at the meeting of July 2 8, 1930.

Our conclusion is that the trustees did not intend to adopt, and the language used does not warrant a finding that they did adopt, rules and regulations for the distribution of said fund, and that therefore the relator is not entitled to the relief sought, and his petition is therefore dismissed, at his costs.

Funk, PJ, and Pardee, J, concur.