Matthias, J.
 

 This action originated in the Court of Appeals where the relator sought a writ of mandamus requiring the respondents as trustees of the police relief fund of the city of Columbus to make an award of pension to him from such fund. Upon hearing the relief prayed for was denied. "Whereupon a petition in error was filed in this court.
 

 The facts essential to a decision of the legal question presented may be concisely stated. The relator while in the discharge of his duties as a policeman, on October 29, 1921, he having been appointed to such position March 1. 1921. was so seriously injured as in
 
 *277
 
 capacitate him for the performance of any service for more than two months. Thereafter, upon the direction of the chief of police, he was assigned to light duty. He continued in the service, receiving the regular salary therefor, until August, 1930, nearly nine years, when he tendered his resignation pending action upon charges against him involving a violation of the liquor laws. At the time of his resignation Rule 22 governing said fund provided as follows:
 

 “Members who have resigned, except as provided in Section 1, Rule 15, under Class ‘A’ pensions, or who are dismissed from the force for violation of any of the rules of the department of public safety, shall have no interest or claim in the police relief fund and shall not be allowed a pension. ”
 

 Section 1 of Rule 15 just referred to as in force at the time in question provides as follows:
 

 “Any member of the division of police who has served faithfully for a period of twenty-five actual years, may voluntarily retire by resignation, or when honorably retired by the director of public service (safety), shall in either of said events, upon the approval of the board of trustees of the police relief fund be paid from said fund a pension of one thousand dollars per year, payable in twelve monthly installments of eighty-three dollars and thirty-three cents.”
 

 The police relief fund is authorized by Section 4616
 
 el seq.,
 
 General Code, which provide for the selection of a board of trustees and empower it to administer such fund and to adopt rules and regulations covering the same. The rules above referred to were duly adopted pursuant to the authority so conferred.
 

 Clearly the right of a retired or dismissed police officer to a pension from such fund is governed entirely by the rules adopted and in force at the date of his retirement or dismissal. State,
 
 ex rel. Dieckroegger,
 
 v. Conners, 122 Ohio St., 359, 171 N. E., 586. It may be stated that under the facts disclosed relator’s rights
 
 *278
 
 would have been no different under the rules as they existed at the time of his injury. He had not served twenty-five years, and he was not honorably discharged from the service.
 

 The undisputed facts above stated disclose that the relator is absolutely precluded from any participation in such relief fund. The trustees are entirely without any right or authority to award any of such funds to the relator. Some evidence was introduced tending to show that the relator was not able to perform the duties of patrolman during approximately nine years, and some equity is claimed for him upon that ground, it being urged that he should have been at that time honorably retired by reason of his disability. But this is an action in mandamus. A writ of mandamus may issue only to require the performance of an act which the law specifically enjoins as a duty. In this instance there was neither duty nor right upon the part of the trustees of such relief fund under the facts presented to make any award of pension to the relator.
 

 The action of the Court of Appeals denying the writ is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Bevis and Zimmerman, JJ., concur.