Day, J.
 

 The sole question presented for our determination is whether the board has the power to reduce
 
 *308
 
 or increase pensions of those already receiving them.
 

 The Court of Appeals of Summit county denied the existence of such right and cited in support of its position
 
 Holmes et al., Trustees,
 
 v.
 
 State, ex rel. Delaney,
 
 93 Ohio St., 480, 113 N. E., 1070;
 
 State, ex rel. Dieckroegger,
 
 v.
 
 Connors,
 
 122 Ohio St., 359, at page 366, 171 N. E., 586; and
 
 State, ex rel. Eden,
 
 v.
 
 Kundts et al., Trustees,
 
 127 Ohio St., 276, 188 N. E., 9. However, we do not deem the above cases authority for the determination of the issue here raised. We are here concerned with the right of the board to increase or decrease pensions of those already receiving them, which question was neither raised, discussed, nor determined in the cases above mentioned. As counsel for the board point out, the case of
 
 Holmes et al., Trustees,
 
 v.
 
 State, ex rel. Delaney, supra,
 
 concerned itself with the question of the right to revoke and suspend entirely the pension paid to a retired policeman, and this court held that the board had no such authority in view of the rules and regulations then existing. No rules were then in effect giving the board the right to thus suspend the pension and the act was consequently unauthorized. In the instant case, the board of trustees did act pursuant to existing rules and regulations governing the question of increasing or reducing the amounts of pensions.
 

 In the case of
 
 State, ex rel. Dieckroegger,
 
 v.
 
 Connors, supra,
 
 the rules of the board entitled the retiring police officer to a pension and the board acted contrary to and in violation of its own rules in denying him a pension. In the instant case, the board acted in conformity with its rules and regulations.
 

 The case of
 
 State, ex rel. Eden,
 
 v.
 
 Kundts, supra,
 
 announces the doctrine that “The right of a retired or dismissed police officer to a pension * *
 
 *
 
 is governed entirely by the rules adopted and in force at the date of his retirement or dismissal.” However, in that case, the bone of contention was the right of a
 
 *309
 
 retiring or dismissed police officer to a pension, which right is not questioned in this case. We are here concerned merely with the right of the board to change the amount of pensions previously allowed.
 

 In determining that question we must first decide whether the right to pension is a vested right.
 

 A pension is generally defined as a gratuity, at all times subject to the will of the donor. It is a creature of law rather than of contract, and the pensioner has no vested right in the continuance of a gratuitous allowance.
 

 “The unquestioned rule is that a pension granted by the public authorities is not a contractual obligation but a gratuitous allowance, in the continuance of which the pensioner has no vested right; and that a pension is accordingly terminable at the will of the grantor, either in whole or in part.” 21 Ruling Case Law, 242. See also
 
 Walton, Admr.,
 
 v.
 
 Cotton,
 
 60 U. S. (19 How.), 355, 15 L. Ed., 658;
 
 United States
 
 v.
 
 Teller,
 
 107 U. S., 64, 2 S. Ct., 39, 27 L. Ed., 352;
 
 Pennie
 
 v.
 
 Reis,
 
 132 U. S., 464, 10 S. Ct., 149, 33 L. Ed., 426;
 
 Frisbie
 
 v.
 
 United States,
 
 157 U. S., 160, 15 S. Ct., 586, 39 L. Ed., 657;
 
 Gibbs
 
 v.
 
 Minneapolis Fire Dept. Relief Assn.,
 
 125 Minn., 174, 145 N. W., 1075, Ann. Cas., 1915C, 749, and note.
 

 “Pensions * * * are gratuities. They involve no agreement of parties; and the grant of them creates no vested right.”
 
 Lynch
 
 v.
 
 United States
 
 (1934), 292 U. S., 571, 54 S. Ct., 840, 78 L. Ed., 1434. To the same effect,
 
 Gibbs
 
 v.
 
 Minneapolis Fire Dept. Relief Assn., supra.
 

 And this is so even where a pensioner has made compulsory contributions to the fund.
 

 “In some instances pension funds are maintained in part by compulsory contributions of the beneficiaries thereof. This is generally true where the beneficiaries are policemen or firemen; and in such a case the statute creating the fund ordinarily author
 
 *310
 
 izes the proper official to retain weekly or monthly a certain per cent of the prospective pensioner’s pay. By the great weight of authority the fact that a pensioner has made such compulsory contribution does not give him a vested right in the pension.” 21 Ruling Case Law, 243. See also
 
 Pennie
 
 v.
 
 Reis, supra.
 

 The right to pension not being vested, the board has a right at any time, in its discretion, to modify or alter ' pension awards by increasing or decreasing them, so long as it acts reasonably and not in an arbitrary fashion. This right the board may exercise pursuant to and under its own rules and regulations then prevailing, and, in the absence of abuse, mandamus will not issue to control its discretion.
 

 The board has not acted illegally in effecting a reduction of relator’s pension. We find no abuse of discretion.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.