This cause came on to be heard upon the transcript of the record of the Court of Appeals of Cuyahoga county and was argued by counsel.
 

 Relator, as a taxpayer, filed his petition in mandamus in the Court of Appeals alleging, in substance, that the city of Cleveland pursuant to statute created a Board of Trustees of the Police Relief Fund, and levied and collected taxes for a police pension fund; that on April 30,1930, such Board of Trustees adopted rules and regulations for the distribution of such fund, Section 21 thereof providing for retirement of members after 25 years of service at a pension rate equal to 50 per cent, of the salary for the rank a member held at retirement, with 2 per cent, additional for each year served beyond the 25-year period, but not to exceed 60 per cent, of the salary for the rank of a member at retirement; that on September 26, 1932, the Board of Trustees adopted a resolution providing that for the months of September, October, November and December, 1932, no pension in excess of $100 per month should be paid to any retired member; that on January 25,1933, the Board of Trustees amended Sec
 
 *95
 
 tion 21 of its rules and regulations, fixing the maximum pensions, ranging from $1,800 for the chief of police to $1,200 for patrolmen, per annum, and adopted Section 21-a, which provided that pension rates fixed by Section 21 should apply to all retired members on the roll as of December 23, 1932, except such retired members as were placed upon the relief rolls prior to April 30, 1930. The relator alleges that the Board of Trustees assumed to reduce the legal pensions of all members who had been retired during the period from April 30, 1930, to January 25, 1933,. and has unlawfully withheld the difference between the legal pensions in force at the time of retirement and those established by the amended rules and regulations. Relator sought a writ of mandamus to compel the Board of Trustees to restore members on the relief roll at the rates in effect at the time of their retirement and to pay them the difference between the annuities at those rates and the annuities actually paid.
 

 The cause was submitted to the Court of Appeals upon an agreed statement of facts and the admissions in the answer. All questions respecting misjoinder of parties or misjoinder of causes of action, as well as procedural questions, were waived by the parties to the end that the issues made by the pleadings might result in a decision.
 

 The Court of Appeals found for the relator on the issues joined, and issued a writ of mandamus, holding that the status of retired members was fixed and determined by the rules and regulations at the date of retirement, and that the payment of pensions was a fixed charge against the police relief fund; that no valid grounds for a change in relief rates having been shown, the action of the Board of Trustees, in attempting to modify or change the rules and regulations so as to affect the rates of those who had voluntarily retired and had been placed on the police relief roll, was unreasonable, arbitrary, void and without effect; and
 
 *96
 
 that those members affected by the amendments or changes in the rules and regulations should be restored on the police relief roll at the rates determined by the rules and regulations in effect at the time of their retirement, and be paid the difference in the pensions payable under the rules and regulations in force at the time of retirement and the pensions paid them under the amended rules, without interest.
 

 Appeal as of right was perfected in this court.
 

 On consideration whereof it is ordered and adjudged that the judgment of the Court of Appeals be, and the same hereby is, reversed and judgment is rendered for the appellants, on authority of
 
 Mell et al., Trustees,
 
 v.
 
 State, ex rel. Fritz,
 
 130 Ohio St., 306, 199 N. E., 72, it not being made to appear that the action of the Board of Trustees in changing the relief rates was unreasonable or arbitrary.
 

 Judgment reversed and judgment for appellants.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.