By the Court.
 

 The following questions' are submitted in the stipulation and agreed statement of facts:
 

 Whether the fifth and sixth paragraphs of Section 4 under Rule 15 of the Rules and Regulations governing the Police Relief Fund are unreasonable, improper and contrary to the provisions of subsection 1, Section
 
 *448
 
 1465-61, or Section 4628, General Code, and whether the Board of Trustees of the Police Relief Fund is endowed with the discretion, by virtue of those paragraphs' of that rule, to deny or postpone the payment of pension to the widow of a police officer killed in the performance of his duty, for the sole reason that she is receiving compensation by virtue of Section 1465-61, subsection 1, General Code.
 

 Section 4628, General Code, provides that “Such trustees shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof * * Under Section 4628-1, General Code, the granting of a pension pursuant to the rules'adopted by the trustees operates to vest a right to receive such pension at the rate so fixed at the time -of granting such pension.
 

 The foregoing portions' of the Rules and Regulations were adopted pursuant to the authorization contained in Section 4628, General Code. There was no abuse of discretion by the trustees in adopting the rules, and the rights of the relatrix to participate in the fund were governed by the rules in effect at the time of the death of her husband.
 
 (State, ex rel. Eden,
 
 v.
 
 Kundts,
 
 127 Ohio St., 276, 188 N. E., 9.) No pension having been granted relatrix, Section 4628-1, General Code, relating to a vested right, is not involved in this litigation.
 

 Section 1465-61, General Code, brings within the Workmen’s Compensation Act persons in the service of political subdivisions therein named, including regular members' of lawfully constituted police departments, but that section, so far as it applies in this proceeding, provides in substance that the act shall not apply to policemen who are eligible to participate in any policemen’s pension fund, unless the amount paid ¡shall be less than that payable from the Workmen’s
 
 *449
 
 Compensation Act, in which event such policemen are entitled to receive regular state compensation, less amounts received from a municipal pension fund.
 

 We agree with counsel for respondent that one of the purposes of that section is to insure policemen an amount of money equal to the regular state compensation. JHrat section does not require trustees to grant a pension or provide that a pension shall be paid in addition to a maximum award from the Workmen’s Compensation Fund.
 

 Having found the relatrix is not entitled to payments from the pension fund, it is not necessary to pass upon the question raised by the demurrer to the first defense of the answer as to insufficient municipal funds.
 

 The demurrer to the answer is overruled and a peremptory writ of mandamus is denied.
 

 Writ denied.
 

 .
 
 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.