*15
 
 Williams, J.
 

 There is no question as to the right of relatrix’s ward to a pension but only as to when it should begin.
 

 In
 
 State, ex rel. White,
 
 v.
 
 City of Cleveland, supra,
 
 this court held that Clayton E. White (relatrix’s ward) was not entitled to a salary from and after January 16, 1933, but did not determine whether he had a pensionable status beginning on that date.
 

 Sections 4616 to 4631, General Code, provide for a police relief fund. Under authority of Section 4628, the board of trustees adopted Section 22 of the Buies and Begulations of the police pension board, which reads: “Any member of the division of police who becomes wholly incapacitated for duty by reason of disease or injury, which in the opinion of the board of trustees entitles him or her to compensation, shall, after proper certification of such disability by the police surgeon, be placed upon the police relief roll at a rate of fifty (50) per cent of his or her salary; provided, however, that such amount of pension shall not be less than twelve hundred dollars ($1200) per year.
 

 “Provided, however, that when it appears to the board of trustees that such retired member who has been retired in accordance with the provisions of Section 22, is physically and mentally able to perform active duty the board shall cause such retired member to be examined by the police surgeon, who shall report the result of his examination to the board. If the police surgeon shall certify that such member is able to perform active duty the board shall then certify such facts to the director of public safety and the civil service commission with a recommendation that he or she be returned to active duty. If such member is then returned to active duty of the rank he or she held at time of retirement, together with seniority rights, then his or her name shall be removed from the police relief roll. Whenever any member of the division of police becomes incapacitated for duty by reason of
 
 *16
 
 disease or injury the police surgeon shall notify the board of trustees in writing of such member’s disability, describing the disease or injury and permanency thereof, and shall also notify such member of his action.
 

 “Provided, that if any member of the division of police shall object to being retired on the ground that he is not disabled, but is able to perform his full official dúty, then in such case such member shall select one physician or surgeon of good repute and standing, who, acting with the police surgeon, shall select another such physician or surgeon of good repute and standing, and these three shall examine such member of the division of police, and the finding of the majority of such three members shall be final as to the ability or inability, at the time, of the member so examined to perform his full dutyand if found able, he shall be returned to duty. ’ ’
 

 Since the rule does not provide that a pension shall date from the application therefor, made to the board of trustees, this court cannot read that qualification into the rule by judicial fiat. Therefore a pension may antedate the filing of the application. However, the filing of the application and -action thereon by the board of trustees is prerequisite to the granting of a writ of mandamus.
 
 State, ex rel. Juhlman,
 
 v.
 
 Conners, 122
 
 Ohio St., 355, 171 N. E., 589. That ease came before the court again (123 Ohio St., 670, 177 N. E., 633), after an amended petition had been filed, and a writ of mandamus was allowed on authority of
 
 State, ex rel. Dieckroegger,
 
 v.
 
 Conners,
 
 122 Ohio St., 359, 171 N. E., 586.
 

 The general rule is that the right of a retired police officer to a pension from the police relief fund is governed by the rules in force at the time of his retirement.
 
 State, ex rel. Eden,
 
 v.
 
 Kundts,
 
 127 Ohio St., 276, 188 N. E., 9;
 
 State, ex rel. Dieckroegger,
 
 v.
 
 Con
 
 
 *17
 

 ners, supra.
 
 See also
 
 State, ex rel. Mansfield,
 
 v.
 
 Turnbull,
 
 132 Ohio St., 235, 242, 6 N. E. (2d), 971.
 

 The case of
 
 Mell
 
 v.
 
 State, ex rel. Frits,
 
 130 Ohio St., 306, 199 N. E., 72, was decided prior to the enactment of Section 4628-1, General Code (effective May 26, 1937), which created a vested right in a granted pension. In that decision this court held a pension was a gratuity and could be decreased in accordance with the rules of the board of trustees, as amended after the pension was granted. So long as the rules are not amended to provide for a reduction, the board of trustees has no authority to reduce a pension previously allowed by it. The board must act in conformity to its rules.
 

 In the course of the opinion in the
 
 Mell case, supra, State, ex rel. Dieckroegger,
 
 v.
 
 Conners, supra,
 
 is cited with apparent approval. In the latter case the law is stated in the second paragraph of the syllabus thus: “A discretion has not been conferred by statute upon the board of trustees of the police relief fund to deny a pension to a retired or dismissed police officer who is entitled to a pension by the rules of such board duly adopted and in force at the date of his retirement or dismissal.”
 

 Section 45 of the rules, under which the pension was claimed in that case, had a provision to the effect that the pension should be paid “upon the approval of the board of trustees of the police relief fund.” Commenting on the phrase quoted, Eobinson, J., states in the opinion: “Manifestly, if the phrase were there inserted for the purpose of investing such board with an absolute discretion, it was unnecessary to have made any provision for length of service or character of discharge. On the other hand, if we were obliged to hold that it was the intention of the board of trustees by Eule 45 to invest itself with an absolute discretion, then it would be our duty to hold that in doing so it exceeded the power conferred upon it by
 
 *18
 
 Section 4628, and that its action in that respect was void.”
 

 The opinion also contains this pertinent language: “Were this question here for initial consideration, we would reach the conclusion that the power conferred upon the board of trustees of the police relief fund by Section 4628, General Code, includes a power to exercise a discretion to specify, by rule duly adopted, the qualification of those to whom a pension shall be paid and the amount thereof, but does not include a discretion to deny qualification where such rule has been complied with. Substantially the same question having been determined in the cases of
 
 State, ex rel. Little,
 
 v.
 
 Carter
 
 [111 Ohio St., 526, 146 N. E., 56],
 
 Holmes
 
 v.
 
 State, ex rel. Dalaney
 
 [93 Ohio St., 480, 113 N. E., 1070], and
 
 Schinnick
 
 v.
 
 State, ex rel. Bowers
 
 [101 Ohio St., 246, 128 N. E., 91], * * * we approve and follow these cases.”
 

 The binding force of prevailing rules is also discussed in
 
 State, ex rel. Eden,
 
 v.
 
 Kundts, supra.
 

 The decisions of this court lead to but one conclusion. If, under the undisputed facts as disclosed in the agreed statement, relatrix’s ward had a right to the pension from and after January 16, 1933, under Section 22 of the rules, the board of trustees had no power to fix a later time for the commencement of the pension. In other words if the ward is entitled to a pension from that date as a matter of law the board of trustees had no discretion to refuse it.
 

 It is shown undisputedly in the agreed statement of facts that relatrix’s ward has been wholly incapacitated by reason of disease since December 31, 1931. Prom that time until January 16, 1933, he was not entitled to a pension for the reason that he had received his full salary for that period, and in law there had been no retirement during that period. Before the latter date the police surgeon certified to the director of public safety the ward’s total disability and the
 
 *19
 
 director of public safety advised the ward that ‘ ‘ on and after January 16, 1933, you will no longer be carried on the payroll of the city of Cleveland.” This certification of total disability coupled with removal from the payroll and notice to the ward amounted to a retirement from active duty and made the ward a “retired member” of the police force within the meaning of Section 22 of the rules.
 

 If a member objects to being retired on the ground that he is not disabled a remedy is provided therefor by Section 22. The section also provides that the police surgeon shall notify the board of trustees in writing with respect to the disability and shall also notify the member of his action. No notice of this character was given by the police surgeon but the duty imposed upon that official in that respect, he having previously notified the director of public safety of the total disability of the ward, was purely ministerial in character. The failure of the police surgeon to perform a ministerial duty could not deprive the ward of his rights.
 

 What then was the event which determines the commencement of the pension? Why was May 13, 1937, fixed as the date the pension should become effective? On May 12, 1937, the director of public safety took action declaring the office vacant and gave notice of his action to the relatrix and the civil service commission in this language: “I herewith inform you that I have declared the office of patrolman, formerly occupied by Clayton E. White, vacant as of January 16, 1933, pursuant to the recent advice of the department of law that officer White’s continuous absence from duty under an indefinite sick leave from December 31, 1931, to January 16, 1933, when he was removed from the payroll by director Merrick, a period of more than one year, operated to separate him from the service of the division of police as of said latter date.
 

 
 *20
 
 “The civil service commission is being notified accordingly.”
 

 The action of the director of public safety was approved by the civil service commission.
 

 It is not claimed there is any law or rule that gives the director of public safety authority to make a finding or declaration as to whether a policeman’s office is or is not vacant. Certainly Section 22 of the rules contains no language of this character. If the director had such power, the declaration should be taken as made. He “declared the office of patrolman, formerly occupied by Clayton E. White, vacant as of January 16, 1933.” It is plain that the director had no power to make a determination on this question and that his action could not affect the rights of the disabled patrolman. A.s hereinbefore indicated he was eligible to a pension as soon as he was retired from active duty and became a “retired member” of the police force within the meaning of Section 22. At the time the director of public safety acted upon the certification of the police surgeon that he, White, was wholly incapacitated for duty by disease and removed him from the payroll, the retirement was complete.
 

 Relatrix’s ward was entitled to the pension from January 16, 1933, to May 13, 1937, and the board of trustees had no discretion to refuse it.
 

 For the reasons given the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Day, Matthias and Hart, JJ., concur.