Turner, J.
 

 This was an action in mandamus filed originally in the Court of Appeals of Cuyahoga county. Belator, appellee herein, sought to compel the trustees of the police relief fund of the city of Parma to re<store his name to the police relief fund roll and the treasurer of Parma to issue a proper pay order. The
 
 *338
 
 relator was injured in the line of duty and on November 15, 1936, was removed from the pay roll of the city of Parma.
 

 The council of the city of Parma enacted an ordinance, effective December 22, 1935, providing for the establishment of a police relief fund and a board of trustees for such fund, which board of trustees was duly appointed and qualified.
 

 At various times prior to November 15, 1936, such board of trustees tentatively formulated and accepted rules and by-laws for the government of both the board and relief fund. The following-minutes show the action of the trustees at a meeting held on October 24, 1936:
 

 “Meeting open for new business. Section 20 of the by-laws accepted. No. 21 was read and left for Mrs. McDonald to find out from city solicitor if it will be possible to have a 20-year pension, with one per cent increase for the next five years and two per cent increase in the next 25 to 30 years. Question open before the board as to the allowance for time and date of employment and credit for payment.
 

 “Section 22 accepted as no one on pension shall receive less than $100 per month or half of his current salary, not to be less than $100.
 

 “Section 23 accepted. Widow of deceased member shall receive $60 per month; children shall receive $30 per month until they reach the age of 18 years (See Garfield Heights Beneficiary 19F).
 

 “Section 24 accepted. Part time dismissal, Garfield Heights, paying a death pension to the beneficiary on certificate of death of any member of the department. ’ ’
 

 The section 22 referred to in the minutes is identical with section 22 of the rules and regulations governing the Cleveland police pension board which is set forth in full and passed upon in the case of
 
 State, ex rel. White, Gdn.,
 
 v.
 
 Cleveland,
 
 135 Ohio St., 13, 15, 18 N. E. (2d), 807.
 

 Both sides have contended that the case of
 
 State,
 
 
 *339
 

 ex rel. White, Gdn.,
 
 v.
 
 Cleveland, supra,
 
 announces the law here applicable. Their only dispute is as to the facts. The assignments of error are based upon (a) the insufficiency of the evidence, and (b) the deductions drawn from the evidence.
 

 Appellants pose two questions which are solely questions of fact,
 
 vis.:
 

 “When did relator retire?
 

 “What rules were in effect at the time of his retirement?”
 

 Counsel for appellants answers the first question in the following language: “Having determined that ICobelt became a retired member on November 15th, we must next determine what rules were in effect at that time relating to disability pensions.”
 

 While there was no finding of facts below, the Court of Appeals in its opinion assumed the date of retirement as November 2, 1936 (which was more favorable to appellants than November 15th), and then proceeded to state in its opinion: “It is the opinion of the majority of this court that rule 22 was accepted on October 24, 1936, and was in effect from that date.” At another point in its opinion the Court of Appeals said: “It is clear that rule 22 was the important rule which authorized the placing of a policeman for a disability on the pension roll. It is equally clear that this rule was adopted by the trustees on October 24, 1936, prior to any retirement date of the relator from the police force of Parma.” At another point in its Opinion the Court of Appeals said: “The trustees construe their action on October 24, 1936, as having put into effect on that date section 22 of their rules and no one can deny the right of the trustees so to construe their action. ’ ’
 

 The journal entry of the Court of Appeals “finds the allegation of the petition to be true” and enters a judgment in favor of the relator below.
 

 Counsel for appellants bases his argument on the
 
 *340
 
 premise that “there were no rules in effect at the time of relator’s retirement providing for a pension.”
 

 Section 12223-31, General Code, provides: “In a civil case or proceedings, except when its jurisdiction is original, and except as provided by Section 11364 of the General Code, the Supreme Court shall not be required to determine as to the weight of the evidence.” This court has held repeatedly that it will not weigh the evidence but will examine the record to ascertain whether there is any evidence in support of the contention of the prevailing party. In commenting on the foregoing section of the Code, it is stated in 2 Ohio Jurisprudence, 735: “In accordance with this statutory provision, it is the established practice of the Supreme Court to refuse to weigh the evidence to determine its sufficiency or where the preponderance lies or whether correct conclusions as to the facts were reached by the court below. ’ ’
 

 This court has examined the evidence set forth in the record and the amendment to the record herein and is of the opinion that the judgment of the Court of Appeals is sustained by evidence and is not contrary to law. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.