**STATE, ex rel., ODGERS, Relatrix, Appellee, v. GRADISON, et al., Respondents-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6359. Decided January 31, 1944.

Arthur C. Fricke, Cincinnati, and William Jerome Kuertz, Cincinnati, for relatrix-appellee.

John D. Ellis, Cincinnati, and Ed. F. Alexander, Cincinnati, for respondents-appellants.

**OPINION**

By ROSS, P. J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County.

The relatrix filed a petition in mandamus against the respondents, seeking a writ requiring the payment of a premium to her as the widow of a policeman. A demurrer was filed by respondents to the petition. This was overruled. The respondents stated they did not desire to plead further, and judgment granting the writ was entered in favor of the relatrix.

In the petition certain rules of the trustees of the Police Relief Fund of the City of Cincinnati are set forth at length. These rules were adopted at different times. The contentions of the relatrix and respondents as to the applicability of these rules present the problem raised by this appeal.

John R. Odgers was an officer serving with the Police Force of Cincinnati until the date of his retirement, March 1, 1932. He had served on such police force for 27 years, when he was given honorable retirement. He was immediately granted a pension which was collected by him until his death on November 28, 1942.

The relatrix became the wife of the officer on February 4, 1932 and lived with him and was dependent upon him for support until the day of his death. At the time of his retirement, the rules of the trustees provided for a pension for the widow of such an officer in the amount of $50.00 per month. This rule, as to the marital status of the widow, merely required that the widow should have married the officer before his retirement.

On August 31, 1942, just a few months prior to the death of Odgers, the Trustees adopted a new rule which provided pensions for widows of "members" of the police force. This latter rule differed from that in effect at the time of the retirement of the officer, in that it provided a basic pension for the widow of $22.00 per month, with an additional $2.00 per month "for each additional year married to such member over eleven (11) years until a maximum of Fifty Dollars ($50.00) per month is reached" and also in that it was required that the widow should have been the wife of the officer for eleven years.

This case is here considered solely upon the allegations of the petition. There is nothing pertinent to the issues presented outside the allegations of the petition which this

628

Court may consider except the laws of the State of Ohio. Although other rules than those quoted in the petition are the subject of comment in the briefs of counsel, the consideration of this Court is confined to the rules recited in the petition. Neither this Court nor the trial court could look beyond the face of the petition in determining the effect of the demurrer thereto.

If the rule quoted as being in effect at the time of the retirement of the officer is applicable to the claim of the relatrix for a pension, the demurrer was properly overruled. If the rule was abrogated by the rule adopted August 31, 1942, and that rule is applicable to her claim, then the demurrer should have been sustained, for the relatrix has failed to allege facts showing that she is entitled to a writ commanding the trustees to pay her a pension of $50.00 per month.

The burden rests upon the relatrix to allege facts showing the existence of a clear specific legal duty upon the respondents to perform an act required by law, but the fact that the granting of the writ depends upon the construction of law applicable does not relieve the Court from the duty to determine whether such duty exists. 25 O Jur pp. 993-1000.

Sufficient facts are alleged in the petition to require a determination of whether such specific duty exists.

Sec. 4628-1 GC, effective May 26, 1937, is designed to preserve the rights of one covered by the section, to the extent of prohibiting interference with a pension, once granted. It has no application unless the pension is being paid after its effective date. State, ex rel. Carroll v McCarthy, et al., 139 Oh St 654. This section was enacted to abrogate the rule announced in Mell, et al. v State, ex rel. Fritz, 130 Oh St 306. It has no application to the instant case because no pension was ever granted the relatrix and the pension granted her deceased husband was first paid in March, 1932, upon his retirement from the Police Force of the City of Cincinnati. His own pension, therefore, was subject to diminution. Mell, et al. v State, ex rel. Fritz, 130 Oh St 306; State, ex rel. Carroll v McCarthy, et al., 139 Oh St 654; State, ex rel. Cline v Miller et al., etc., 134 Oh St 445, 448.

A fortiori, the rules applicable to payment of a pension to his widow could be changed.

Even contribution by a member of the Police Force is not effective to create a vested right in a prospective pension, for the benefit of the member or his widow. It is stated in paragraph 1 of the syllabus in Mell, et al. v State, ex rel. Fritz, 130 Oh St 306:

"1. A pension granted by police authorities is a gratuitous rather than a vest or contractual right."

And, at page 309 of the opinion it is stated:

" 'Pensions * * * * * are gratuities. They involve no agreement of parties; and the grant of them creates no vested right.' Lynch v United States (1934), 292 U. S., 571, 54 S. Ct., 840, 78 L. Ed., 1434. To the same effect,. Gibbs v Minneapolis Fire Dept. Relief Assn., supra."

The Trustees have ample power to provide rules specifying the required qualifications of recipients of the pension fund and the amounts to be paid. Sec. 4628 GC, provides:

"Such trustees shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof, with power also to give credit for prior continuous actual service in the fire department or in any other department of the city rendering service in fire prevention, but, no rules or regulations shall be in force until approved by a majority of the board of trustees."

The limitations upon such power have been noted supra. but, as stated, do not affect the instant problem.

The relatrix qualified in certain respects at various times involved, but she never at any time qualified in all respects at any time requiring the trustees to act in her favor.

In **State ex rel. White, Gdn., v City of Cleveland, et al., 135 Oh St 13, at page 17** of the opinion it is stated:

"The case of **Mell v State, ex rel. Fritz, 130 Oh St 306, 199 N. E., 72,** was decided prior to the enactment of §4628-1 GC, (effective May 26, 1937), which created a vested right in a granted pension. In that decision this court held a pension was a gratuity and could be decreased in accordance with the rules of the board of trustees, as amended after the pension was granted. So long as the rules are not amended to provide for a reduction, the board of trustees has no authority to reduce a pension previously allowed by it. The board must act in conformity to its rules."

From February 4, 1932, the date of the marriage of the

relatrix to the deceased officer until November 28, 1942, the date of his death, the relatrix possessed the qualifications of being the wife of such officer. As such, however, she had then no claim to any pension since he was still alive and drawing a pension.

On August 31, 1942, the rules of the trustees were changed, requiring that a widow in order to claim a pension of a deceased officer must have been his wife for eleven years prior to his death.

Up to the passage of this rule again the relatrix had all the qualifications necessary to entitle her to a pension except widowhood. Upon the death of the officer, November 28, 1942, this latter qualification was created, but in the previous August an additional qualification had been added by the rules, to-wit: eleven years marriage. This qualification the widow could not possess for the officer died just a few months before this period would have been accomplished.

It seems apparent, therefore, considering the powers vested in the trustees were their rules, no arbitrary, unreasonable or capricious exercise of such power being made to appear (the conclusion of the relatrix in her petition non constat) that the qualifications of the applicant for this pension must be fixed by the rules extant at the time of her application, even though such rules had been changed in such a manner as to add a qualification which the appellant could not possess.

No rule of the trustees effective as of the date of her application, or as of the date of the death of her husband, the officer, entitling the relatrix to a pension in any amount is alleged in the petition.

Although it is not definitely stated in the petition that the trustees abrogated the rule effective April 1, 1926 to August 31, 1942, it being on the contrary the claim of relatrix that the latter rule is prospective in application, it is obvious from a comparison of the two sets of rules that they cover the same class of claimants and that the latter rules abrogate by inference, if not directly, the rules previously in effect, requiring only that the widow had been the wife of the member at the time of retirement. In any event the length of the marriage period as a qualification for a claimant is undoubtedly extended by the latter rule. It is apparent from an examination of all the rules alleged in the petition that the rules adopted August 31, 1942 were designed to fully cover all contingencies in which pensions might be payable to either officers then on active duty, or retired, as well as to

the widows of such officers, and, therefore, inferentially at least abrogated former rules in conflict therewith.

In **State, ex rel. Fangman v Police Relief Fund of the City of Cincinnati, 72 Oh Ap 51,** this Court held that classes of beneficiaries could be enlarged or decreased by rules of the trustees and that a claimant to a pension based upon the death of a member of the police force was governed by the rules in effect at the date of the death of the officer; such rule not affecting any existing pension.

The relatrix emphasizes the use of the word "member" in the latter rules and has quoted a rule of the trustees, adopted August 31, 1942, defining a member as an employee. Reference to the former rules under which the relatrix seeks to claim the pension shows the use of the same term. Confining the term "member" to an employee on the active list of the police force appears to be a more restricted definition than is warranted by the sense of all the rules, both new and old, quoted in the petition.

There can be doubt that the new rule was intended to apply to all claimants except those actually receiving pensions at the time it became effective.

So viewing the petition and the demurrer thereto, the conclusion that the relatrix has alleged no rule of the trustees now entitling her to a pension is inescapable. The judgment of the Court of Common Pleas of Hamilton County is reversed and the cause remanded to such Court with instructions to sustain the demurrer to the petition and for such other proceedings as may be in accordance with law and procedure.

HILDEBRANT & MATTHEWS, JJ., concur.