WOLF, APPELLEE, *v.* CITY OF COLUMBUS ET AL., APPELLANTS.

(No. 5175—Decided January 27, 1955.)

*Mr. W. B. McLeskey* and *Mr. C. W. McLeskey,* for appellee.

*Mr. Chalmers P. Wylie,* city attorney, and *Mr. J. Russell Leach,* for appellants.

MILLER, J. This cause is before this court as an appeal on questions of law and fact from a judgment of the Common Pleas Court which enjoined the defendants, appellants herein,

from interfering with the construction of a post office building to be located at 75 East Hudson Street in the city of Columbus, the same being under process of construction by the plaintiff, appellee herein. It is agreed by the parties that the issues presented have become moot for the reason that the United States government has cancelled its contract with the plaintiff for the construction of the building.

The defendants have filed a motion seeking an order dismissing the cause without prejudice, while the plaintiff has filed a motion for an order dismissing only the appeal. The question of costs does not arise for the reason that it appears the defendants are ready and willing to pay all the costs which may be taxed.

The defendants urge, and we think properly so, that if only the appeal is dismissed the restraining order will remain in effect under Section 2505.18, Revised Code, and should the plaintiff at some later date enter into a new contract for a similar building at the same location, the defendants would have no right of appeal from that order. We can see no logical reason for the plaintiff to be left in such an advantageous position because of the new developments which are beyond the control of the defendants. We are aware of the fact that in numerous cases appeals have been dismissed because of the question becoming moot, but in none of them had there been a restraining order issued to the defendant as we have here. We have been cited to only one case wherein the facts are parallel to those presented here, and from our research we think it is the only one available in this state. The case referred to is that of *Clover Meadow Creamery Co.* v. *National Dairy Products Co.,* 17 Ohio Law Abs., 231, the court stating at page 235:

"Regardless of the procedural question raised, it is the right if not the duty of the court, when once it has been judicially determined that the cause has become moot, to dismiss the action on its own motion. *Miner* v. *Witt,* 82 Ohio St., 237; *State, ex rel.,* v. *Palmer,* 120 Ohio St., 617; *Travis* v. *Pub. Comm.,* 122 Ohio St., 355."

We agree with the plaintiff that the cases cited as authority by the court in the above statement are not parallel with the case at bar, in that they were appeals on questions of law

and are not authority for the legal principle pronounced. Still, we are in accord with that principle. All sense of equity, justice and fair play would require that neither of the parties hereto be placed in an advantageous position because of the question becoming moot. On the other hand, such principles would require that the parties be left in the same position they were in at the commencement of the action.

In the case of *Wick* v. *Youngstown Sheet & Tube Co.*, 46 Ohio App., 253, 188 N. E., 514, a restraining order had been issued against the defendants. An appeal on questions of law and fact was filed, after which the question became moot. The court refused to dismiss the case for the reason only that in so doing the plaintiffs would be deprived of the right to present to the court the ancillary issue involving their right to recover attorney fees and other costs. At page 258, the court said:

"Many other authorities have been cited by the parties in this case, each side claiming that they support that party's contention, but we think we have referred to enough authorities to determine the principle governing the courts under such circumstances; that is, that *the court will not permit the judgment to prejudice either party in the cause.* The dismissal of these causes would deprive the plaintiffs of the right to present to this court their ancillary issue of the right to recover attorney fees and other costs. *If the motion of the plaintiffs to dismiss the appeal were granted, it would leave the judgment in the court below unreversed, and the issue of the plaintiffs' right to maintain the actions and obtain the relief prayed for would be res judicata.*" (Emphasis supplied.)

Since we do not have an issue on costs involved in the case at bar, we are of the opinion that the motion of the defendants to dismiss the action without prejudice should be sustained, and that of the plaintiff should be overruled.

*Judgment accordingly.*

WISEMAN, P. J., and HORNBECK, J., concur.