Hart, J.
 

 In a former action in mandamus in the same Court of Appeals that court, upon hearing on the merits, under date of September 23, 1942, ordered the respondents in this case to place George P. Curran on the pension rolls of the police fund in accordance with the rules of respondents, which order, after an unsuccessful appeal of the case to this court, became final in
 
 *587
 
 October 1943. On October 26, 1943, respondents, in that case, being also the respondent board in this case, purported to obey the order of the trial court, placed Cur-ran on the pension rolls as of May 29, 1939, and paid or attempted to pay him his pension for the months of June and July, 1939, and then removed him from the rolls on the grounds that-he had become a disreputable person and subject to removal for that reason under the rules and regulations of the respondents.
 

 The Court of Appeals overruled respondents’ demurrer to relatrix’s petition in this case'and on hearing on the merits again ordered the respondents to restore Curran to the pension rolls. The entry embodying the order of the court fails to disclose the grounds or reasons for the court’s action. The majority opinion of the Court of Appeals, however, indicates that the demurrer to the petition was overruled on the grounds that the proper remedy was mandamus, and not a contempt proceeding in the former action, and that the overruling of the motion to show cause in that action was not
 
 res judicata
 
 as to the cause of action of the relatrix in this case.
 

 With that ruling of the Court of Appeals, this court agrees. The former order of the court was to the effect that Curran be placed on the pension rolls as of May 29, 1939, subject to the rules and regulations governing the respondents, and the status of the pensioner was subject to change at any time under such rules and regulations. The present action involves his status as of July 29, 1939, and not as of May 29, 1939, as in the former action.
 

 As disclosed by the opinion of the Court of Appeals, that court did not pass upon the question as to whether Curran had been guilty of disreputable conduct and had become a disreputable person, and if so, whether he had thereby forfeited his pension, but held that his pension status was not affected by such conduct since' it did not occur while he was a beneficiary of the pen
 
 *588
 
 sion fund. The court held the view that Curran did not become a beneficiary of the fund when he was honorably discharged from the police force on May 29, 1939, because of disability, but became such beneficiary only when the court made its original order in 1943, notwithstanding that order fixed his status as a pensioner as of May 1939.
 

 The Court of Appeals, in its opinion, on this subject, says:
 

 “Was the board authorized to declare a forfeiture of all further claims upon the police relief fund under the rule above cited? As indicated above no facts put in evidence indicate disreputableness subsequent to the decree of the court ordering Curran placed on the pension rolls. He was therefore in our judgment not a beneficiary at the time of committing the acts. He was receiving nothing from the pension fund at that time. The board held he was not entitled to the rights of a beneficiary and so held until the writ of mandamus was allowed.
 

 ‘ ‘ To now claim Curran was a beneficiary at the time of the commission of the acts would be somewhat anomalous. In the case of
 
 Bauer
 
 v.
 
 Myers,
 
 244 F., 902, at page 908, the court defines a beneficiary ‘as one who receives a benefit or advantage,’ or ‘one who is in receipt of benefits, profits, or'advantage.’ Curran was receiving no benefits or advantage at the time of the commission of the acts alleged to have caused the forfeiture, and the fact that the court in 1943 placed Cur-ran on the roll as of May, 1939, did not in fact constitute him a beneficiary prior to the order. He must be a beneficiary at the time of the commission of the disreputable acts. Not being such he was wrongfully and unlawfully removed, and he is entitled to be placed on the pension roll in accordance with the rules and regulations of the board of trustees of that fund. ’ ’
 

 Conceding the correctness of the position taken by
 
 *589
 
 the Court of Appeals that to forfeit the right to a pension by reason of disreputable acts such acts must occur during the pension period,- the question remains as to when Curran became a beneficiary under the rules and regulations of the respondents. Was it when he first became entitled to receive a pension on May 29, 1939; when the court ordered him to be placed on the pension roll in 1943; or, when he was tendered his first payment of pension on November 1, 1943 ?
 

 A court can neither create a legal right or its subject matter, a legally protected interest, nor arbitrarily fix the time when such right shall accrue. Courts can only declare and enforce legal obligations and redress injuries resulting from the invasions of legal rights. The law applied to essential facts creates a legal right, and a legal right accrues as soon as such essential facts become existent. The thought is well expressed by the court in
 
 LeBlanc
 
 v.
 
 Illinois Central Rd. Co.,
 
 73 Miss., 463, 468, 19 So., 211, as follows: “Judicial decision is the application, by a court of competent jurisdiction, of the law to a state of facts proved, or admitted to be true, and a declaration of the consequences which follow.”
 

 The court did not make Curran a pensioner. The statute and the rules of the board authorized by statute did that. The court could only declare the status with which the law had clothed Curran, namely that he was a pensioner. For like reason the court could not arbitrarily decree when that status began. It could only find facts and apply the law which automatically fixed his status as a pensioner from the date when such facts creating that status became existent. Under the facts, Curran became a pensioner as of May 29, 1939, and by the same token he became a beneficiary of the fund at that time.
 
 Orr
 
 v.
 
 Home Mutual Ins. Co.,
 
 12 La. Ann., 255, 68 Am. Dec., 770;
 
 Hyde
 
 v.
 
 Kelley,
 
 10 Ohio, 215, 218.
 

 
 *590
 
 This court is now called upon to construe the term “beneficiary” as used in Section 5, Rule 15 of the Rules of the Board of Trustees of the .Pension Relief Fund, the pertinent part of which is as follows:
 

 “Any member of the division of police, regardless of length of service, who, while in the performance of his or her official duty and solely in consequence thereof, suffers an injury directly resulting in such member becoming incapacitated from further performance of police duty, when honorably retired by the director of public safety, shall be pensioned for a period of one (1) year under class A, as defined in Rule 17, Section 2 [$90 per month] ; at the end of one (1) year it shall be the duty of the board of trustees to determine whether or not such member is and will continue to remain wholly incapacitated and prevented from pursuing any. gainful occupation or employment, and if the board determines that such member will continue to be wholly incapacitated as herein contemplated, then such member shall be continued as a pensioner under class A, as defined in Rule 17 [$90 per month for and during his life].”
 

 The rule provides that when a member becomes eligible because of disability in service and when he shall be honorably retired by the director of public safety, lie shall be pensioned for a period of one year. When his eligibility thus accrues, his right to. a pension follows automatically. Apparently, it requires no action upon the part of respondents to award him the pension. At the end of one year, however, the respondents are authorized and required to determine whether a perr sioner is and will continue to remain wholly incapacitated and if the respondents find in the affirmative he shall be continued as a pensioner.
 

 Curran in the former action claimed that he became a pensioner and was entitled to a pension from and
 
 *591
 
 after May 29, 1939, and the Court of Appeals in that case ordered, not that the respondents grant him a pension, but that he be placed on the police relief fund and be allowed to participate in the fund as a pensioner from May 29, 1939.
 

 His right as a beneficiary was not created by the court. Rather the court, recognizing him to be a beneficiary of the fund by force of the existing facts, in effect, declared that he became such as of May 29,1939, by ordering the payment of his pension from that date.
 

 The term "beneficiary” is not limited to one in possession of the benefit. It comprehends one who is named as the person to whom a benefit will accrue at a certain time or upon certain contingencies, and especially one who, upon the accrual of such time or such contingencies, has become entitled to the benefit. Webster, in giving the law definition of the word "beneficiary,” says it applies to "the person designated to receive the income of a trust estate,
 
 b.
 
 The person named in a policy of insurance, an annuity policy, etc., as the one who is to receive the proceeds or benefits accruing thereunder.” Bouvier’s Law Dictionary says "beneficiary” is "a term suggested by Judge Story as a substitute for
 
 cestui que trust,
 
 and adopted to some extent”; and in insurance, "the person named in the policy to whom the insurance is payable upon the happening of the event insured against.” Especially must one be a beneficiary when his right to the beneficence has accrued.
 

 The pension fund in question was authorized and created by and under Sections • 4616 to 4631, inclusive, General Code, and such fund is a trust fund administered by the board of trustees for the sole benefit of eligible members of the police department.
 
 Thompson
 
 v.
 
 City of Marion,
 
 134 Ohio St., 122, 16 N. E. (2d), 208. And this court has said that “the one for whose bene
 
 *592
 
 fit the trust is created is called the
 
 cestui que trust,
 
 or beneficiary.”
 
 Ulmer
 
 v.
 
 Fulton, Supt. of Banks,
 
 129 Ohio St., 323, 339, 195 N. E., 557, 97 A. L. R., 1170.
 

 It seems to this court that Curran cannot claim to be a pensioner over a given period of time and yet say that he is not, over the same period of time, a beneficiary of the fund from which the pension is paid or to be paid. 16 Ohio Jurisprudence, 623, Section 59. The Court of Appeals, in arriving at its judgment in this case, relied upon the case of
 
 Bauer
 
 v.
 
 Myers,
 
 244 F., 902, in which case the court defined a beneficiary “as one who receives a benefit or advantage” or “one who is in the receipt of benefits, profits, or advantage.” The court in that case was construing a statute of the state of Kansas which provided, in substance, that if it should appear that a will was written or prepared by the sole or principal beneficiary in such will, who at the time of writing or preparing the same was a confidential agent or legal adviser of the testator, then such will is invalid. The court found that Myers was, at the time the will was drawn, a confidential agent of the testator, but that he had not prepared the will and was not the
 
 principal
 
 beneficiary therein, although he was named a trustee under the will and was to receive compensation for his services as such trustee. The court did not exclude from its definition of a beneficiary one who was
 
 entitled
 
 to a benefit, profit or advantage.
 

 This court concludes that the Court of Appeals erred in holding that Curran was not a beneficiary of the police fund at the time his alleged disreputable conduct took place, and since the Court of Appeals did not pass upon the question as to whether Curran was guilty of such disreputable conduct as to thereby forfeit his right to a pension under the rule of the respondents, the judgment will be reversed and the cause remanded
 
 *593
 
 for further proceedings in accordance with this opinion.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Zimmerman, Turner and Matthias, JJ., concur.