ANNA E. CURTIS, FORMERLY ANNA E. McGLYNN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8868. Promulgated February 5, 1947.

*Wilton H. Wallace, Esq.*, for the petitioner.
*E. L. Woolf, Esq.*, for the respondent.

268

OPINION.

ARNOLD, *Judge*: The petitioner contends that the sum paid her each month is relief, that it constitutes a gift or gratuity, and that it is not taxable. She asserts that she had no vested right to the relief granted by the Board of Commissioners of the District of Columbia, that the commissioners possessed discretionary authority to grant or withhold the requested relief, and that the relief involved nothing in the nature of an annuity.

The respondent contends that the amounts paid to petitioner from the Policemen and Firemen's Relief Fund, District of Columbia, are to be treated as amounts received pursuant to an annuity contract and subject to tax in the manner provided in section 22 (b) (2). Respondent relies upon *Dismuke* v. *United States*, 297 U. S. 167; *Retirement Board of Allegheny County* v. *McGovern*, 316 Pa. 161; 174 Atl. 400; *Crawford* v. *Teachers' Retirement Fund Association* (Oregon, 1940) 99 Pac. (2d) 729; and I. T. 3653, C. B. 1944, p. 75.

We agree with respondent that the sums in question constitute taxable income to the petitioner. Our analysis of the applicable pro-

visions of the District of Columbia Code convinces us that Congress did not intend to provide for the making of gifts or gratuities. The statutory plan required the decedent to contribute a fixed percentage of his salary toward the fund from which the payments were made. In return the employee was entitled to retirement under certain conditions and, upon reaching a specified age, "shall * * * be entitled to receive relief from the said policemen and firemen's relief fund, District of Columbia, in an amount not to exceed 50 per centum per year of the salary received by him at the date of retirement." Sec. 4–507, *supra.* In addition to the retirement benefits a policeman or fireman acquired additional benefits under the statutory plan by virtue of the provisions therein for his widow and his children under sixteen years •f age. With respect to them, Congress provided that whether death occurred before or after retirement from service the "widow shall be entitled to receive relief from the said policemen and firemen's relief fund, District of Columbia, in an amount not exceeding $60 per month and each child under the age of sixteen years in an amount not exceeding $10.00 per month * * *." Sec. 4–507, *supra.*

In our opinion, Congress vested no discretion in the Board of Commissioners to deny relief to the widow of a retired fireman. Their discretion in the matter of relief was limited to the *amount* of the relief allowance. Sec. 4–505, *supra.* And, even so, Congress set the maximum amount of relief that the commissioners could grant. Here the commissioners fixed the amount of the relief allowance at the maximum set by Congress, as they were clearly authorized to do by law.

The facts show that petitioner received payments from a fund to which her deceased husband contributed as an employee of the District of Columbia. By virtue of his services to the District and by virtue of his contributions to the fund he became entitled, upon fulfilling certain conditions and qualifications, to retirement benefits from the fund, or if he died his widow and children under sixteen became entitled to certain benefits from the fund. There is no doubt in our minds that retirement pay, disability benefits, funeral expenses, and benefits to widows and children under sixteen were inducements held out to decedent and others to become employees of the District of Columbia. Having accepted employment, rendered personal services to the District of Columbia, and contributed to the fund until his retirement, the decedent became entitled to receive from the fund an amount not to exceed 50 per cent of his salary at the date of his retirement. But for his death a week after his retirement, the payments from the fund in recognition of his services and his contributions would probably have been larger. Upon his death his widow became entitled to benefit by monthly payments from the fund. Her right to receive

was fixed by statute, section 4–507. She did in fact receive monthly payments from the fund, and the situation is sufficiently akin to an annuity contract and the treatment of retired employees under the Civil Service Retirement Act to justify a similar treatment. See *Dismuke* case, *supra*. Cf. I. T. 2984, C. B. XV–1, p. 87. The fact that the District statute includes within its scope the widow and/or children under sixteen years of age of policemen and firemen presents no insurmountable obstacle to the application of section 22 (b) (2) of the Internal Revenue Code. When the provisions of the latter section are applied to the facts of this case, it is obvious that the monthly payments in question constitute taxable income, since the cost of the annuity was, according to the scheme of section 22 (b) (2), fully recovered from payments made prior to the taxable years.

*Decision will be entered for the respondent.*