Marian ESSENFELD, Petitioner-
Appellant,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent-Appellee.

No. 43, Docket 27529.

United States Court of Appeals
Second Circuit.

Argued Nov. 7, 1962.

Decided Dec. 7, 1962.

Samuel Byer, New York City, for
petitioner-appellant.

John M. Brant, Attorney, Dept. of
Justice, Washington, D. C. (Louis F.
Oberdorfer, Asst. Atty. Gen., and Meyer
Rothwacks, Attorney, Dept. of Justice,
Washington, D. C., on the brief), for
respondent-appellee.

Before    MEDINA,    SMITH    and
KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

█ Petitioner's husband, David
Essenfeld, on March 1, 1951 entered into
an employment agreement with Supreme
Sunrise Food Exchange, Inc., which hired
him for 10 years, set his salary at fixed
amounts plus a percentage of net profits
above a certain sum, provided for pay-
ment upon his death while employed to
his widow, or children if his wife prede-
ceased him, of $25,000 per year for two
years, and provided for termination of
the contract on 6 months incapacity, with
payments of $25,000 per year in monthly
installments for two years, any balance
on his death to go to widow or children,
total of death and disability payments
in no event to exceed $50,000. The con-
tract also provided a retirement allow-
ance if he retired after completing the
10 year contract term. The corporation,
some months before the contract in ques-
tion, had taken out life insurance with
the corporation as beneficiary on three of
the four principal shareholders including
Essenfeld, in the amount of $75,000 each.
None was taken out on the fourth, who
was then 64 years of age. Essenfeld died
on October 31, 1952. The corporation re-
ceived $75,000, the proceeds of the insur-
ance on his life. The corporation voted
to and did pay to taxpayer $25,000 per
year for two years in equal monthly
installments dating from Essenfeld's
death. Taxpayer reported in her income
tax return the $25,000 received in cal-

endar year 1953 less statutory exclusion of $5,000, later filing a timely claim for refund of the tax paid thereon. She did not include in her return for 1954 any of the amount, $20,833.34, received by her under the contract in that year. The Commissioner assessed deficiencies after eliminating $5,000 of the amount received, under the exclusion of § 22(b) (1) (B). The Tax Court, by Clarence V. Opper, Judge, held that the deficiencies were properly assessed, since the payments were not "life insurance" under § 22(b) (1) (A) and even if they could be so considered, would fall under § 22(b) (1) (B) as amounts received "under a contract of an employer providing for the payment of such amounts to the beneficiaries of an employee, paid by reason of the death of the employee;" and so excludable only to the extent of $5,000. We hold that the employment contract under which the payments were made was not a life insurance contract, that the payments fall squarely within the provisions of § 22(b) (1) (B) and are excludable only in the amount of $5,000, and affirm the judgment of the Tax Court.

The evident purpose of the entire contract is to establish a coordinated system of payments to employees in considera-

tion for their services; payment in event of death is but one contingency for which the contract provides. We reject petitioner's attempt to consider the death-benefit provision in a vacuum. By no stretch of accepted meaning can this ordinary type of employment arrangement, with all its other provisions for compensation, be called a "life insurance contract" within the exclusion of § 22(b) (1) (A).[1] Even looking at the particular provision alone, we find no resemblance to life insurance. Premium payments are not required, nor is there a shifting and spreading of the risk of death in any meaningful sense. Cf. Helvering v. Le Gierse, 312 U.S. 531, 61 S.Ct. 646, 85 L.Ed. 996 (1941); Commissioner v. Treganowan, 183 F.2d 288 (2 Cir., 1950), cert. denied 340 U.S. 853, 71 S.Ct. 82, 95 L.Ed. 625. The payment is made under an employment contract, and is in terms taxable under § 22(b) (1) (B), except for the limited exclusion of $5,000.

Even assuming with petitioner that the contract in question may be called a "life insurance contract" and thus within § 22(b) (1) (A), although it seems more convincing to explain the addition of subsection (B)[2] as indicating that this type of contract is not within

---

1. Section 22(b) (1) provided:
   "Sec. 22. Gross Income.
   *    *    *    *    *
   "(b) *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this chapter:
   "(1) *Life insurance, etc.* Amounts received—
   "(A) under a life insurance contract, paid by reason of the death of the insured; or
   "(B) under a contract of an employer providing for the payment of such amounts to the beneficiaries of an employee, paid by reason of the death of the employee;
   "*    *    * The aggregate of the amounts excludable under subparagraph (B) by all the beneficiaries of the employee under all such contracts of any one employer may not exceed $5,000."

2. Section 22(b) (1) (B) was added to the 1939 Code in 1951. It was then stated:
   "Section 22(b) (1) of the code excludes from gross income amounts received under a life-insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise. However, by its terms, this provision is limited to life-insurance payments, and the exclusion does not extend to death benefits paid by an employer by reason of the death of an employee. In order to correct this hardship, section 302 of your committee's bill excludes from gross income death benefits not in excess of $5,000 paid by any one employer with respect to any single employee's beneficiary or beneficiaries in accordance with a pre-existing contract. The limitation of the exclusion to payments not in excess of $5,000 will prevent abuses under this new provision." S.Rep. No. 781, 82d Cong., 1st Sess. (1951), at p. 50; U.S. Code Congressional and Administrative Service 1951, p. 2020.

the intendment of subsection (A), we see no reason why it is not within (B) as well. Where a particular and a general enactment may both be applicable, it is settled statutory construction that the particular, here subsection (B), will control.

The judgment of the Tax Court is affirmed.