JOHN A. AND BARBARA M. CLIFFORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clifford v. Commissioner
Docket No. 4257-82.
United States Tax Court
T.C. Memo 1984-426; 1984 Tax Ct. Memo LEXIS 245; 48 T.C.M. (CCH) 824; T.C.M. (RIA) 84426; August 9, 1984. John A. Clifford, pro se. Jody Tancer, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Fred R. Tansill pursuant to section 7456 [1] and Rules 180 and 181. The Court agrees with and adopts his opinion which is set forth below. *246 OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: This case was filed as a small tax case. The Court granted petitioners' motion, made before trial, to remove the small tax case designation. See Rule 172(c). Respondent determined a deficiency in the amount of $937 in petitioners' Federal income tax for 1978. The sole issue presented for our consideration is whether petitioners are entitled to exclude from gross income under section 104(a)(1) $4,040 in sick pay received by petitioner John A. Clifford during the taxable year. Petitioners John A. Clifford and Barbara M. Clifford are husband and wife who resided in Lynbrook, New York, at the time they filed their petition in this case. During the taxable years 1977 and 1978, petitioner John A. Clifford (petitioner) was employed as a New York City police officer. In August 1977, petitioner was injured in the line of duty. Due to this injury, petitioner was unable to work certain days in 1978. Consistent with the provisions of section 434a-14.0, subdivision c, of the Administrative Code of the City of New York (the Administrative Code), and pursuant to the terms of the contract between the Patrolmen's Benevolent *247 Association of the City of New York, Inc., and the City of New York (the union contract), petitioner was entitled to leave with pay for the full period of any incapacity due to any illness, injury, or mental or physical defect, whether or not incurred in the line of duty. [2] Petitioner received the sick pay in question pursuant to the union contract. Petitioner would have received the same salary payments whether he was incapacitated due to a line-of-duty injury or due to any other type of injury or illness. *248 Petitioner retired from the police department in 1980 for disability arising from the injury incurred in August 1977. Petitioner received $4,040 in sick pay in 1978. Petitioners excluded such amount on an amended joint Federal income tax return for 1978. In his notice of deficiency, respondent disallowed the claimed sick pay exclusion. Respondent also made automatic adjustments to claimed deductions for sales taxes and medical expenses. Section 104(a) provides in pertinent part: (a) In General.--* * * [G]ross income does not include-- (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness. * * * The exclusion under section 104(a)(1) also applies to payments received under a statute in the nature of a workmen's compensation act for personal injuries or sickness incurred in the course of employment. Haar v. Commissioner,78 T.C. 864, 867-868 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983); sec. 1.104-1(b), Income Tax Regs. As the payments received by petitioner were not made under a workmen's compensation act, we must determine whether such payments were made pursuant to a statute *249 in the nature of a workmen's compensation act. A statute is in the nature of a workmen's compensation act only if it allows payments solely for personal injuries or sickness incurred in the course of employment. Take v. Commissioner,82 T.C. 630, 634 (1984); Haar v. Commissioner,supra at 868; Riley v. United States,140 Ct. Cl. 381, 156 F.Supp. 751 (1957). See Dyer v. Commissioner,71 T.C. 560, 562 (1979); Robinson v. Commissioner,42 T.C. 403, 407-408 (1964). Petitioner was injured in the line of duty in August 1977 and as a result of such injury was unable to report for work on certain days in 1978. Petitioner was paid his full salary for the days he was absent from work. Under the union contract, police officers were entitled to leave with pay for the full period of any incapacity due to any illness, injury, or mental or physical defect, whether or not incurred in the line of duty. Thus, petitioner would have received the same full salary payments had he been incapacitated due to an illness or injury that was totally unrelated to his employment as a police officer. It is clear that the *250 payments made to petitioner were not made under a statute in the nature of a workmen's compensation act. Neither the union contract nor the relevant provision of the Administrative Code limited payments to illness or injury incurred in the course of employment. Thus, neither is a statute in the nature of a workmen's compensation act. Petitioner's reliance on Dyer v. Commissioner,supra, is misplaced. The taxpayer in Dyer was a New York City school teacher. Pursuant to regulations issued by the Board of Education, teachers earned sick leave at the rate of one day per month. Unused sick leave accrued to the credit of the teacher. If a teacher was injured or became ill other than in the line of duty, she received her full salary only to the extent that she had accrued sick leave or was permitted to borrow sick leave, and the amount of time she was absent was deducted from her accrued sick leave. However, if the teacher was injured in the line of duty, the payments were not so limited and there was no deduction from her accrued sick leave. The petitioner in Dyer was injured in the line of duty. The Court held that the payments to her were in the nature *251 of workmen's compensation and thus were excludable from gross income under section 104(a)(1). The Board of Education regulations involved in Dyer clearly provided for different benefits depending upon whether the teacher's injury was incurred in the line of duty. Teachers were entitled to unlimited sick pay, without deduction from their accrued sick leave, only in the case of injuries incurred in the line of duty. In contrast, petitioner in the case before us was entitled to receive his full salary during his absence from work due to any illness or injury, whether or not incurred in the line of duty. Neither the Administrative Code nor the union contract differentiated between line-of-duty injuries and injuries unrelated to the police officer's employment. Accordingly, petitioner's situation is distingishable from Dyer.
We have also considered petitioner's argument that Rev. Rul. 83-77, 1983-1 C.B. 37, on which respondent relies on brief, retroactively revoked Rev. Rul. 72-45, 1972-1 C.B. 34, on which petitioner claims to have relied in excluding his sick pay from income. The issue in Rev. Rul. 72-45, supra, was whether pensions *252 received by retired members of the New York City police and fire departments, on account of total permanent disability caused in or induced by the performance of their duties, were excludable from gross income. The relevant section of the Administrative Code, quoted in the ruling, provided: In case of total permanent disability at any time caused in or induced by the actual performance of the duties of his position, the amount of annual pension to be allowed shall not be less than three-fourths of the annual salary of such member at the date of his retirement. The ruling specifically notes that the pensions provided policemen and firemen are paid only if the disability that occasioned the retirement arose out of and was incurred in the actual performance of his duties. The ruling holds that the disability payments are excludable from gross income under section 104(a)(1). Rev. Rul. 83-77, supra, determined that neither the Administrative Code provision nor the union contract at issue in this case is a statute in the nature of a workmen's compensation act because payments under each are provided for any illness or injury, whether or not incurred in the line *253 of duty. Accordingly, the ruling holds that sick pay received by a New York City police officer pursuant to the union contract is not excludable from gross income under section 104(a)(1). Petitioner's argument that respondent has retroactively revoked his prior valid grounds for excluding his sick pay from gross income is without foundation. The disability payments in Rev. Rul. 72-45, supra, were made under a different section of the Administrative Code from that involved here and were made only to employees whose injuries were incurred in the performance of their duties. That ruling does not apply to the sick pay at issue in this case. We find no inconsistency between the position taken by respondent in Rev. Rul. 83-77, supra, and the position previously taken in Rev. Rul. 72-45, supra.There is no merit to petitioner's argument that respondent retroactively applied a change in his ruling position to him; thus, we need not address petitioner's arguments concerning abuse of discretion. Compare Manocchio v. Commissioner,78 T.C. 989, 998-1003 (1982), affd. 710 F.2d 1400 (9th Cir. 1983). Petitioner's *254 other arguments likewise are without merit. We hold that neither the Administrative Code section at issue here nor the union contract is a statute in the nature of a workmen's compensation act. Accordingly, the sick pay received by petitioner in 1978 is not excludable from gross income under section 104(a)(1). Our holding makes it unnecessary for us to consider respondent's argument that the union contract was not a "statute." To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All "Rule" references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 434a-14.0, subdivision c, of the Administrative Code provided: The commissioner is also authorized and empowered in his discretion, to deduct and withhold salary from any member or members of the force, for or on account of absence for any cause without leave, lost time, sickness or other disability, physical or mental; provided, however, that the salary so deducted and withheld shall not, except in case of absence without leave, exceed one-half thereof for the period of such absence; and provided, further, that not more than one-half pay for three days shall be deducted on account of absence caused by sickness. Art. X, sec. 2 of the union contract provided in relevant part: a. Each employee shall be entitled to leave with pay for the full period of any incapacity due to illness, injury or mental or physical defect, whether or not service-connected. The parties stipulated that the union contract "is consistent with" sec. 434a-14.0, subdivision c, of the Administrative Code.↩