Zimmerman, J.
 

 It is urged that the trial court committed prejudicial error in refusing to allow counsel to examine the complete panel of those called as prospective jurors in the cause, and in denying each defendant the right to exercise four peremptory challenges.
 

 Whatever merit there might be in those contentions if they had been raised at the proper time, it is evident from the bill of exceptions that the persons called for jury service were examined, accepted and sworn as jurors, before counsel registered any complaint in the particulars noted.
 

 From this state of the record, we are of the opinion that if such rights existed they were waived, and that no basis exists upon which error may be predicated.
 

 Both defendants deny liability to the plaintiff and
 
 *481
 
 assert that the trial court erred iu overruling their respective motions for a directed verdict.
 

 Sections 2408, 2421 and 7557, General Code, fix the duties and liabilities of counties with respect to bridges erected by them in cities and villages having no rights in the bridge fund created by taxation. By Section 2408, General Code, the board of commissioners of a county is answerable in its official capacity for damages sustained by reason of its negligence or carelessness in not keeping such bridges in proper repair.
 

 Under Section 3714, General Code, the council of a municipality “shall have the care, supervision and control of public highways, streets, * * * bridges * * * within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
 

 Upon the facts of this case, the statutory duty rested on both the county and the city to see that the Division street bridge was kept in repair, and one injured through the neglect to perform the common duty imposed on both would have a cause of action against both. See,
 
 Village of Mineral City
 
 v.
 
 Gilbow,
 
 81 Ohio St., 263, 273, 90 N. E., 800, 801, 25 L. R. A. (N. S.), 627, 629;
 
 City of Youngstown
 
 v.
 
 Sturgess,
 
 102 Ohio St., 480, 132 N. E., 17;
 
 Cooper et al., Bd. of County Commrs. of Mahoning County,
 
 v.
 
 Bradlyn,
 
 123 Ohio St., 392, 175 N. E., 603; 6 Ohio Jurisprudence, 158, Section 145; 25 American Jurisprudence, 843, Section 563.
 

 The county had actual notice of the dangerous condition of the Division street bridge in ample time to have made the necessary repairs and, although it contends otherwise, the city of Youngstown had at least constructive notice that the bridge was defective. The rotted timbers of the center pier were visible at the water line over a considerable period of time. The signs erected at either end of the bridge in 1938 were' a warning of weakness, and the tilting of the bridge floor should have been noticeable. The assistant city
 
 *482
 
 engineer conceded that his office had made no inspection of the bridge. While the trial court in the exercise of a sound judgment might have excluded the letter received by the city in June of 1929 calling particular attention to loose planks in the pedestrians’ walk, it was specifically limited to notice of a defect in the bridge, and we think its admission was certainly not reversible error.
 

 Defendant, the city of Youngstown, complains that the jury’s verdict was indefinite.
 
 Without objection,
 
 the trial court submitted two forms of verdict to the jury.
 

 After deliberating for a time, the jury returned to the court room for further instructions as to the form of verdict. Thereupon, the court stated:
 

 “There are two defendants and I sent in to you two verdict forms, one a verdict for the plaintiff and one a verdict for the defendant or defendants. If you do not find for the plaintiff you should use the form which says ‘verdict for the defendant’ even though your finding was for both defendants. If you find for the plaintiff and against both defendants you would only use the verdict for the plaintiff. If you find for the plaintiff against only one defendant you would use the form of verdict for the plaintiff and would also use the verdict form for the defendant, writing in the name in the blank space there of the defendant against whom you do not find a verdict. If you find for both defendants then you would use simply the form, verdict for the defendant, and would not in that event of course use any form for the plaintiff. ’ ’
 

 One of the jurors still expressing doubt concerning the verdict forms, the court repeated in substance what had already been said. Further deliberations were then had and the jury returned its general verdict for the plaintiff in the amount of $15,000, making no use of the verdict form for the defendant. It would therefore seem certain, under the explanation of the court,
 
 *483
 
 that the jury intended its verdict to be against both defendants.
 

 If counsel were not satisfied with the verdict forms as submitted, they should have made timely objection, and if they were in doubt as to the intention of the jury in the verdict returned, they could have polled the jurors.
 

 Another error advanced is that the verdict is excessive. Plaintiff introduced the testimony of -several medical doctors and a number of lay witnesses as to the nature and extent of his disabilities. Such testimony if believed supports a conclusion that due to his experience -on May 23,1939, plaintiff sustained injuries resulting in serious and permanent physical and mental impairment.
 

 Furthermore, the question as to the excessiveness of the verdict was before the Common Pleas Court on the motions for a new trial, and the Court of Appeals also passed on the same matter adversely to the defendants. In a case of this kind, the Supreme Court is not required to weigh the evidence to determine where the preponderance lies.
 
 State, ex rel. Kobelt,
 
 v.
 
 Baker et al., Trustees,
 
 137 Ohio St., 337, 29 N. E. (2d), 960.
 

 No reversible error appearing in the judgment of the Court of Appeals, such judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias and Hart, JJ., concur.
 

 Bettman, J., not participating.