Herbert, J.
The final entry of the Court of Appeals reveals that it reversed the judgment of the trial court for two reasons:
*532 “(1) The trial court neglected to furnish the jury with a form to cover a verdict for the defendant, Deloney, and
“(2) That the trial court erroneously instructed the jury that it was required to bring a verdict against the defendant, Bell, because of the fact that defendant, Bell, was in default of answer and was not present at the trial.”
Did the Court of Appeals commit prejudicial error by reason of the above-quoted ruling? That is the question here.
On January 18, 1958, plaintiff was driving his automobile westerly on Woodland Avenue in the city of Cleveland, and, as he approached its intersection with East 66th Street, the traffic light turned red against him and he brought his car to a stop. “Immediately” thereafter his car was “hit” and “knocked” or “pushed” through the light. His car was then “hit” a second time and “possibly” a third time. . When the cars came to rest, the car that defendant Deloney was driving was behind plaintiff’s car, and Bell’s car was behind defendant Deloney’s automobile. Plaintiff heard no impact prior to being struck the first time.
There was evidence of damage to plaintiff’s automobile and that he suffered some personal injuries in the collision.
Bell was convicted of the offense of driving a motor vehicle while intoxicated, by reason of his condition at the time of .the ■occurrences herein. There was sufficient evidence to submit the issues in the case to a jury for its determination.
Only a general exception was taken to the charge by counsel for defendant Deloney.
It was agreed by counsel for the parties, when the cause was argued before this court upon the merits, that six forms of verdict had been prepared and submitted to the court and counsel for consideration privately, and that among these forms of .verdict was one for defendant Deloney. There was objection by counsel to the various forms submitted, but not as of record. The court finally submitted two forms of verdict to the jury — - (1) against both the defendants, Deloney and Bell, and in favor of the plaintiff and (2) against Bell alone and in favor of the plaintiff. There was no objection to this procedure.
The jury returned its verdict against both defendants, Deloney and Bell, and in favor of the plaintiff. There was no ob *533 jection to this verdict by counsel for defendant Deloney or to either of the forms of the verdicts submitted or to the return of its verdict by the jury.
Section 2315.10, Revised Code, provides:
‘ ‘ Either party may require the jury to be polled, which shall be done by the clerk of the court, asking each juror if it is his verdict. If on polling the jury more than one fourth of the jury answers in the negative, or if the verdict in substance is defective, the jury must be sent out again for further deliberation. ’ ’
Counsel for defendant Deloney did not take advantage of any of the rights and privileges granted by the foregoing section of the Revised Code.
Section 2315.11, Revised Code, states:
“If the disagreement of more than one fourth of the jury is not expressed and neither party requires the jury to be polled, or in the polling three fourths or more of the jury answers affirmatively, the verdict is complete and the jury shall be discharged from the case. When the verdict is defective in form only, with the assent of the jurors and before their discharge the court may correct it. ”
There was no objection by counsel under the provisions of this section of the Code. Lengyel v. Brandmiller et al., Commrs. of Mahoning County, 139 Ohio St., 478, in the second paragraph of the syllabus, has the following to say:
“Where, in an action brought against two defendants, the trial court, without objection, submits two forms of verdict to the jury, one for use in the event the finding should be for the plaintiff and against both defendants, the other for use if the finding should be for both defendants, and both to be used if the finding should be for the plaintiff against only one defendant— and the court explains such verdict forms to the jury which later returns a general verdict for the plaintiff on one of the forms submitted, counsel for the defendants may not thereafter complain that the verdict forms and the verdict were indefinite. ’ ’
In the opinion, at page 483, Zimmerman, J., speaks as follows :
• “If counsel were not satisfied with the verdict forms as submitted, they should have made timely objection, and if they *534 were in doubt as to the intention of the jury in the verdict returned, they could have polled the jurors.”
We find no error in the forms of verdict submitted to the jury.
Coming now to a consideration of the second ground upon which the Court of Appeals rests its judgment, it is generally recognized that proper procedure requires that proof of damages in a tort action, either to the person or to property, must be established by appropriate evidence in order to reach a just verdict or judgment, even where such judgment is against a defendant who is in default. We see no error in submitting to the jury the proof of the amount of damages established in this case.
We find no error in the record prejudicial to the rights of defendant Deloney. It follows that the judgment of the Court of Appeals should be, and it hereby is, reversed, and the judgment of the Cleveland Municipal Court is affirmed.

Judgment reversed.

Taft, C. J., Zimmerman, O’Neill and Griffith, JJ., concur.
Gibson, J., concurs in the syllabus and judgment only.
Matthias, J., not participating.