THE STATE OF OHIO, APPELLEE, *v.*
JONES, APPELLANT.

(No. 81AP-938—Decided May 11, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. John T. Conroy,* for appellant.

NORRIS, J. Defendant appeals from his conviction in the Court of Common Pleas of Franklin County for the crime of aggravated burglary.

In his appeal, defendant contends that he was not permitted to question prospective jurors concerning their qualifications. Because there was no record taken of the voir dire examination, counsel filed an agreed statement of facts indicating the following: the trial court inquired generally of the jurors, but did not ask counsel if they had additional questions to be asked by the court, nor did the court ask counsel if they had any questions to pose to the prospective jurors; both counsel replied negatively to the court's asking if either had any challenges for cause; and both counsel exercised one peremptory challenge each before stating that they were satisfied. The prospective jurors were then sworn to hear the cause.

Subsequently, defense counsel moved for a mistrial upon the ground that he had not been given the opportunity to voir dire any of the prospective jurors individually. The trial court overruled the motion, making these comments:

"* * * You never asked me to. * * * I

asked if you had any challenges and you said no. And you didn't voir dire them, so it would seem to me like whatever objections you might have to some proceeding would be waived, and you passed the Jury on cause and you never exhausted your peremptory challenges. * * *"

Defendant raises the following assignment of error:

"The court erred in failing to allow counsel an opportunity to question the jury on voir dire and thus denied the defendant his constitutional and statutory right to trial by a fair and impartial jury of his peers."

Crim. R. 24 and R.C. 2945.27 provide for the "voir dire" examination of prospective jurors, as to their qualifications to serve as fair and impartial jurors:

"(A) Examination of jurors. Any person called as a juror for the trial of any cause shall be examined under oath or upon affirmation as to his qualifications. The court may permit the attorney for the defendant, or the defendant if appearing pro se, and the attorney for the state to conduct the examination of the prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the state and defense to supplement the examination by further inquiry." (Crim. R. 24[A].)

"The judge of the trial court shall examine the prospective jurors under oath or upon affirmation as to their qualifications to serve as fair and impartial jurors, but he shall permit reasonable examination of such jurors by the prosecuting attorney and by the defendant or his counsel." (R.C. 2945.27.)

In argument before this court, counsel for defendant acknowledged that no objection was lodged to defense counsel's lack of participation in the voir dire examination of prospective jurors until after the jury had been impaneled. Nevertheless, he argues that his contention should be recognized as plain error under Crim. R. 52(B).

The state contends that, by failing to object prior to the jury having been sworn, any objection to the voir dire was waived by defendant, citing *Lengyel* v. *Brandmiller* (1942), 139 Ohio St. 478 [22 O.O. 521], a civil case.

Under Crim. R. 52(B), plain errors affecting substantial rights may be noticed although they were not brought to the attention of the trial court in a timely fashion; however, the plain error rule should be invoked only in exceptional circumstances to avoid a miscarriage of justice. *State* v. *Wolery* (1976), 46 Ohio St. 2d 316, at 327 [75 O.O.2d 366]. In order for the trial court to have erred under the circumstances of this case, where there is no indication that defense counsel sought to examine the panel, we would have to conclude that the trial court was under an affirmative duty to invite counsel to participate in the voir dire examination. As we are unable to say that any reasonable construction of either Crim. R. 24 or R.C. 2945.27 leads to that conclusion, we are unable to find any error in the trial court's conduct in that regard. Both the rule and the statute require that the trial court "permit" counsel to supplement the court's examination by further inquiry, but only where that opportunity is sought by counsel. The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.