JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ihab Abuzahrieh, appeals from the judgment of the Cuyahoga County Common Pleas Court, rendered after a jury verdict, finding him guilty of assault. Appellant contends that the trial court erred when it terminated counsels' participation in the questioning of prospective jurors during voir dire.
 {¶ 2} The record reflects that in May 2002, the Cuyahoga County Grand Jury indicted appellant on one count of felonious assault. The charges stemmed from appellant's involvement in an altercation between several patrons of a local lounge in the early morning hours of April 3, 2002. Appellant's brother, Hazim Abuzahrieh, was similarly charged.
 {¶ 3} A joint trial commenced on January 29, 2003. The record reflects that on the first day of trial, the prosecutor and counsel for appellant and his brother extensively questioned prospective jurors during voir dire. The next day, however, the trial judge refused to allow any of the lawyers to question prospective jurors. The trial judge explained:
 {¶ 4} "In light of the fact that during yesterday's questioning, we were going on and on, the court felt, with questions that were really irrelevant to whether or not individuals could be fair and impartial. And, in fact, one of the jurors was reduced to histrionic tears.
 {¶ 5} "The court has abbreviated the voir dire today in terms of the peremptory challenges and is proceeding with questioning and isgiving the lawyers no opportunity to question these witnesses, but is conducting what I believe to be a fairly thorough inquiry of the prospective jurors." (Emphasis added.)
 {¶ 6} The State presented seven witnesses at trial. Appellant presented no witnesses in his defense, although appellant's brother testified on his own behalf. The jury found appellant and his brother guilty of the lesser included offense of assault and the trial court sentenced appellant to two years probation, 200 hours of community work service, court costs, a supervision fee and restitution. Appellant timely appealed. The State did not file a brief in response to appellant's appeal.
 {¶ 7} In his single assignment of error, appellant contends that the trial court erred in terminating any participation by his counsel in voir dire on the second day of trial.
 {¶ 8} Crim.R. 24(A) provides the following:
 {¶ 9} "(A) Examination of jurors. Any person called as a juror for the trial of any cause shall be examined under oath or upon affirmation as to his qualifications. The court may permit the attorney for the defendant, or the defendant if appearing pro se, and the attorney for the state to conduct the examination of the prospective jurors or may itself conduct the examination. In the latter event, the court shall permit thestate and defense to supplement the examination by further inquiry." (Emphasis added.)
 {¶ 10} As this court noted in State v. Edmonds (Apr. 11, 1991), Cuyahoga App. No. 58417, regarding voir dire:
 {¶ 11} "R.C. 2945.27 requires the trial court to `permit reasonable examination of such jurors by the prosecuting attorney and by the defendant or his counsel.' Criminal Rule 24(A) also requires that when the trial court conducts the voir dire, `* * * the court shall permit the state and defense to supplement the examination by further inquiry.' As long as the opportunity to ask supplemental questions is sought by counsel, the allowance of supplemental questions by counsel is a requirement. State v. Jones (1982), 2 Ohio App.3d 345."
 {¶ 12} Nevertheless, "a trial judge has discretion over the scope, length and manner of voir dire," State v. Williams, 99 Ohio St.3d 493,2003-Ohio-4396, at ¶ 46, and may "reasonably limit" counsel's voir dire. Edmonds, supra, citing State v. Bridgeman (1977), 51 Ohio App.2d 105. "The standard of the court's discretion in limiting the examination of the venire by counsel is reasonableness." Id.
 {¶ 13} In this case, the trial court did not "reasonably limit" counsels' participation in voir dire; it totally eliminated it. We hold, therefore, that the trial court abused its discretion in refusing to allow counsel trial to ask potential jurors any supplemental questions on the second day of trial. We must determine, however, whether that error was prejudicial.
 {¶ 14} In Edmonds, supra, this court cited with approval several factors identified by the Fourth District Court of Appeals in State v.Proctor (1977), 51 Ohio App.2d 151, that an appellate court should consider in determining whether a trial court's restriction of counsel's participation in voir dire was prejudicial error. These factors include whether 1) any particular area of questioning caused bias or prejudice; 2) the procedure adopted prevented inquiry by the defendant; 3) the procedure retained a juror who was biased or unfair; and 4) the procedure interfered with an intelligent exercise of peremptory challenges.
 {¶ 15} Here, appellant does not argue nor is there any evidence that the trial court's refusal to allow counsel to ask questions of prospective jurors on the second day of trial created bias or prejudice in any of the jurors or retained a juror who was biased or unfair. Moreover, the record reflects that counsel for all parties exercised all of their peremptory challenges.
 {¶ 16} It is apparent, however, that the trial court's refusal to allow counsel to ask any questions of prospective jurors on the second day of trial prevented inquiry of those prospective jurors by appellant. The procedure adopted by the trial judge, i.e., that she would ask all of the questions, did not merely curtail repetitive questioning by counsel,State v. York (Oct. 24, 1985), Cuyahoga App. No. 49952, or limit the scope of counsel's questioning to relevant and material matters, Statev. Williams (1991), 75 Ohio App.3d 102, it precluded any opportunity for counsel for appellant to ask any questions of the jurors seated on the second day of trial. Appellant's inability to question these jurors, some of whom were ultimately seated on the jury, was clearly prejudicial.
 {¶ 17} Appellant's assignment of error is therefore sustained. The judgment of conviction is reversed and the matter is remanded for a new trial.
 {¶ 18} This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Sean C. Gallagher, J., concur.