OPINION
{¶ 1} Appellants/Cross-Appellees David and Diane Pennell appeal the decision of the Court of Common Pleas, Stark County, following a jury verdict in favor of Appellees/Cross-Appellants Sanjeev Dewan, M.D., and Ohio Eye Alliance, Inc. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 28, 1999, appellants filed a medical malpractice action against appellees, alleging negligence in the performance of optical surgery upon David. The matter proceeded to trial on July 28, 2003. Jury selection began the same day, as further analyzed infra. On July 31, 2003, subsequent to said jury selection and the completion of the trial, six members of the jury returned a verdict in favor of appellees. A ½-page judgment entry on the verdict was filed on August 11, 2003.
 {¶ 3} On June 1, 2004, appellants filed a "Motion to Order Service of Final Entry." Appellees filed a memorandum in opposition on June 14, 2004. On June 15, 2004, the court granted appellants' motion, noting that the 2003 "judgment on the verdict" entry had not directed the clerk to perfect service of same.
 {¶ 4} On July 8, 2004, appellants filed a notice of appeal. Appellees filed their notice of cross-appeal on July 20, 2004. Appellants herein raise the following Assignment of Error:
 {¶ 5} "I. The trial court erred to the prejudice of the plaintiffs-appellants by refusing to allow counsel to inquire of some jurors who indicated possible bias, but subsequently contesting the statements of other jurors who indicated bias against the plaintiffs-appellants."
 {¶ 6} Appellees raise the following Assignment of Error on appeal:
 {¶ 7} "I. The trial court committed reversible error in ruling that the notice of appeal was timely when, after having actual and constructive notice of a final order, plaintiffs-appellants claimed they were denied appropriate notice because of a clerical error regarding court service.
 Pennell Appeal I. {¶ 8} In their sole Assignment of Error, appellants argue the trial court committed prejudicial error in its manner of addressing potential juror bias, particularly during voir dire. We disagree.
 {¶ 9} App.R. 47(B) reads in pertinent part that "[i]n addition to challenges for cause provided by law, each party peremptorily may challenge three jurors." However, "* * * the selection and qualification of jurors are largely under the control of the trial court and, unless an abuse of discretion is clearly shown with respect to rulings thereon, they will not constitute ground for reversal." State v. Trummer (1996),114 Ohio App.3d 456, 461, 683 N.E.2d 392, citing Berk v. Matthews
(1990), 53 Ohio St.3d 161, 559 N.E.2d 1301. A juror "* * * ought not to suffer a challenge for cause when the court is satisfied from an examination of the prospective juror or from other evidence that the prospective juror will render an impartial verdict according to the law and the evidence submitted to the jury at the trial." State v. Duerr
(1982), 8 Ohio App.3d 404, 8 OBR 526, 457 N.E.2d 843, paragraph two of the syllabus.
 {¶ 10} Appellants first direct us to the voir dire examination in the case sub judice of Juror No. 4 and Juror No. 18. The court first addressed Juror No. 18, who stated that her father and father-in-law were both doctors, and that her mother was an x-ray technician. Tr. at 14-15. After a short inquiry, the court directed its attention to Juror No. 4, who indicated that because of her experience with doctors misdiagnosing her parents, she had questions about her impartiality. Tr. at 15-16.
 {¶ 11} The judge thereupon called a sidebar conference on the issue of challenge for cause:
 {¶ 12} "THE COURT: So, we just excuse these two for cause?
 {¶ 13} "MR. DELAHUNTY: I'd like to inquire as to the woman who had the experiences with misdiagnosis, but the, whose family are all doctors, um, I think she's pretty well locked into a position.
 {¶ 14} "THE COURT: You think she might be in favor of the doctors?
 {¶ 15} "MR. DELAHUNTY: Doctor.
 {¶ 16} "THE COURT: Or against them?
 {¶ 17} "MR. DELAHUNTY: She'll be in favor of the doctors. But, if you want us to inquire —
 {¶ 18} "MR. POLING: I think it's a goose/gander rule, Judge. I don't see any need to try the case with these two jurors. If you want to excuse them now, I have no objection to that.
 {¶ 19} "THE COURT: I think we should excuse them both. They both indicated they can't be fair to the parties.
 {¶ 20} "Any problem with that, gentlemen?
 {¶ 21} "MR. POLING: That's fine, Judge.
 {¶ 22} "MR. DELAHUNTY: Okay." Tr. at 16-17.
 {¶ 23} The court thus dismissed Juror No. 4 and Juror No. 18 without conducting additional examination or allowing the attorneys to engage in further inquiry. Id. Subsequently, another juror, No. 16, indicated her husband may have been represented in the past by appellants' firm. She remained on the jury. Tr. at 38-39. Later, Juror 35, a businessperson, expressed concern about "frivolous lawsuits." He was removed via a peremptory challenge. Tr. at 92-96.
 {¶ 24} Appellants herein concede that the dismissal, standing alone, of the first two jurors (No. 4 and No. 18) may not constitute error, but appellants further maintain that "* * * after dismissing at least one juror who may have been shown to be impartial, the trial court then abandoned its apparent `no tolerance' stance, and actually argued with jurors who later expressed bias against the Plaintiffs." Appellants' Brief at 7-8. In other words, appellants essentially contend, by dismissing Jurors 4 and 18 after a brief inquiry from the bench, and thereafter allowing greater colloquy with other jurors who initially expressed a potential bias against appellants (especially Jurors 16 and 35), the entire jury selection process was conducted in an arbitrary fashion which warrants reversal, particularly in light of just six members signing the defense verdict.
 {¶ 25} Upon review of the record, we find a number of shortfalls to appellants' position. First, while a reading of Civ.R. 47(A) indicates that attorney inquiry is required during voir dire from the bench,[1] a failure to object to remaining jurors after the completion of voir dire results in a waiver on appeal of all but plain error. See State v.Ivory, Cuyahoga App. No. 79722, 2002-Ohio-1275, citing State v. Keith
(1997), 79 Ohio St.3d 514, 684 N.E.2d 47; State v. Williams (1997),79 Ohio St.3d 1, 679 N.E.2d 646. See, also, Lengyel v. Brandmiller
(1942), 139 Ohio St. 478, 480, 40 N.E.2d 909. In the civil realm, the doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." See Goldfuss v. Davidson, 79 Ohio St.3d 116, 122, 1997-Ohio-401. In the case sub judice, just after another juror replaced Juror No. 35, appellants did not take advantage of their opportunity to challenge the juror selection process:
 {¶ 26} "THE COURT: Any objection from counsel on how, the mechanics of this at this point, regarding the challenges of the jurors?
 {¶ 27} "MR. POLING: Your Honor, I think we've gone in order. I've lost, honestly, track of where we are in terms of numbers, but as long as we've gone in order, I have no objection.
 {¶ 28} "MR. DELAHUNTY: No objection.
 {¶ 29} "THE COURT: Okay. Fine.
 {¶ 30} "It appears we do have a jury of eight, with two alternates." Tr. at 96.
 {¶ 31} Secondly, the Ohio Supreme Court has noted that "error in the denial of a challenge of a juror for cause cannot be grounds for reversal when the defendant did not exhaust his peremptory challenges." State v.Getsy (1998), 84 Ohio St.3d 180, 191, 702 N.E.2d 866, citing State v.Poindexter (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568, 572. The validity of the Getsy rule has also been recognized in a civil case. See McGarryv. Horlacher, 149 Ohio App.3d 33, 39, 2002-Ohio-3161, ¶ 24. In the case sub judice, to the extent that appellants challenge the court's "challenge for cause" procedures, appellants' decision at trial not to utilize their remaining peremptory challenges is grounds for waiver on appeal.
 {¶ 32} Finally, in order to succeed on a claim of juror-selection error, appellants must show that their substantial rights were affected, rather than merely creating speculation of prejudice. See, e.g., Statev. Wilhelm, Knox App. Nos. 03-CA-25, 03-CA-26, ¶ 17, citing UnitedStates v. Delgado (U.S.C.A. 6, 2003), 350 F.3d 520. Upon review of the record, we find no demonstration of actual prejudice. Indeed, as appellees note, the trial court in this matter took the additional step of allowing appellants to revisit one of their unused peremptory challenges in order to remove Juror 35, whom appellants perceived as biased against their medical malpractice claim. See Tr. at 95.
 {¶ 33} Accordingly, we find no basis for reversal in this matter as an abuse of discretion in the selection of the jury. Appellants' sole Assignment of Error is overruled.
 Dewan Cross-Appeal I. {¶ 34} In their sole Assignment of Error on cross-appeal, appellees contend appellants' appeal should be dismissed as untimely.
 {¶ 35} App.R. 4 requires a party to file the notice of appeal within thirty days of the later of the entry of the judgment or order appealed from, or, of the service of the notice of judgment in a civil case if service is not made within a three (3) day period provided in Civ.R. 58(B).
 {¶ 36} However, based on our holding in regard to appellants' direct appeal, we need not reach the merits of the cross-appeal. The Supreme Court of Ohio has ruled: "Where the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the brief thereof, App.R. 12(B) requires the appellate court to refrain from consideration of errors assigned and argued in the brief of appellee on cross-appeal which, given the disposition of the case by the appellate court, are not prejudicial to the appellee. * * *" Pang v. Minch (1990), 53 Ohio St.3d 186, 191,559 N.E.2d 1313, paragraph eight of the syllabus.
 {¶ 37} Accordingly, appellee's sole Assignment of Error on cross-appeal is overruled on grounds of mootness.
 {¶ 38} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Boggins, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to be divided equally between Appellant David Pennell and Appellee Dr. Dewan.
[1] The cited rule section reads as follows: "The court may permit the parties or their attorneys to conduct the examination of the prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the parties or their attorneys to supplement the examination by further inquiry."